Sedgwick, C. J.
The action was upon a policy insuring the life of plaintiff’s husband. The plaintiff was a witness in her own behalf. On her cross-examination she said that she had seen before a paper shown to her’by counsel; that it was delivered to the defendant; that it was delivered for the purpose of proving the death of insured; that her answer applied to the whole paper, just as it was down. The policy provided that, if the insured “ shall become so far intemperate as to impair his health, this policy shall becoipe and be null and void.” Among the papers referred to was an affidavit which said that the remote cause of death was alcoholism; that the health of the deceased first began. *573 to be affected six months before his death; that the immediate cause of death was alcoholism and extreme prostration. She made oath that the answers made by her “ are true and full to the best of my belief.” Of course, this contained an admission ■ by her that intemperance had affected the health of the deceased, and would' be conclusive upon her unless she could explain it to the satisfaction of the jury. Assuming (not deciding) that there was a question as to the nature of the admission already alluded to, I think nothing can be said as to her admission of another kind. It was contained in an affidavit—one of the papers constituting the proof of death—made by the attending physician of deceased. He swore that the remote cause of death was alcoholism; that the immediate cause of death was alcoholism and extreme prostration ; that the deceased used spiritous liquors to the extent, and with the effect, that it caused death. The affidavit was handed to the company as giving the facts truly, and as against her it must be taken to be true, unless there is an explanation of a sufficient kind. Ho explanation was made, and on the trial there was an effort to show that the cause of death was not alcoholism. The policy was avoided by intemperance that had injured the health of assured. It is therefore immaterial that the cause of death was partly extreme prostration. The learned judge was correct in dismissing the complaint. Plaintiff’s exceptions overruled, and judgment upon order dismissing complaint directed for the defendant.