[Civ. No. 11943. First Dist., Div. One. July 28, 1942.]

MINNIE BRADLEY et al., Appellants, v. PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Respondent.

Van A. Neher, Phillips & Munck and Robert M. Corson for Appellants.

Weinmann, Quayle & Berry for Respondent.

KNIGHT, J.—The plaintiffs, Minnie Bradley and Georgia Wells, brought this action against the insurance carrier of William Schassler to recover the amount of two separate judgments for damages in the sums of $1,196 and $341 theretofore obtained by plaintiffs against Schassler on account of injuries received by them in a collision between an automobile owned and driven by Schassler and the one in which plaintiffs were riding. The defendant company denied liability upon the ground that certain conditions specified in the policy exempting the insurer from liability existed at the time of the accident. The trial court so found, and accordingly rendered judgment for defendant, from which plaintiffs appeal. Insufficiency of the evidence to support the findings and judgment is the ground of appeal. The points urged in that behalf are without merit.

The insurance policy sued upon is known as a "Non-Alcoholic Policy." It is issued in consideration of a reduced

premium. On the outside of the policy, at the top, in large red type, appeared the notation "NON-ALCOHOLIC POLICY"; and at the top of the first page, inside, also in large red type, appeared the notation "This Policy Contains Alcoholic Exclusions; See Section 2 Paragraph 'E' of the Conditions." The exclusions thus referred to provided: "This Insurance is Subject to the Following Conditions, Limitations, and Agreements: . . . 2. EXCLUSIONS. IT IS A MATERIAL CONDITION OF THIS POLICY: . . . (E) The Company shall not be liable under Section Two (2) of the Policy, (1), if at the time of the accident intoxicating liquor is being carried in or on the automobile covered herein; (2) if the Assured or Driver had been drinking intoxicating liquor; (3) if the Assured or Driver was driving while intoxicated. For the purposes of this policy all beverages of any alcoholic content (except those beverages which are commonly known as 'non-alcoholic') shall be considered intoxicating liquor. Conclusive proof of the carrying, transportation or use of intoxicating liquor shall be either or all of the following conditions: (1) By the statement of the Assured, Driver, or any other person having knowledge of such possession, use or transportation of said liquor; (2) By the findings and/or reports of Police Investigators; (3) By the statement and/or testimony of witnesses in any trial or prosecution of any claim arising out of the accident." The basic findings of the trial court were that ". . . at the time of and within one hour prior to said accident . . . said William Schassler had been drinking intoxicating liquor within the definition contained in said policy of automobile insurance as set forth in paragraph II of these findings, and that said William Schassler exhibited evidence of said drinking at the time and place of said accident, and subsequent thereto, and that said facts were conclusively established within the provisions of said policy of automobile insurance by written statements signed and approved by said William Schassler, and by statements of other persons having knowledge of such use of said intoxicating liquor." The evidence supporting the foregoing findings consists of the testimony of Schassler, who was called as a witness by plaintiffs, two written statements made and signed by him after the accident, and the stipulated testimony of a doctor. Schassler's testimony and written statements were to the effect that he had been drinking intoxicating liquor before the accident,

and the stipulation covering the doctor's testimony was that he examined Schassler half an hour after the accident and that Schassler then "had liquor or alcohol upon his breath which was noticeable to the doctor."

Plaintiffs contend, however, that the exclusion clause in question is ambiguous, and that construed most strongly against the insurer placed upon the defendant the burden of establishing not only that Schassler had been drinking intoxicating liquor, but also that the drinking thereof "had some influence" on him in the operation of his car, and "some relevancy" to the happening of the accident; and that since Schassler claimed in his testimony and written statements that the intoxicating liquor he drank did not affect his "sobriety" and that he was not intoxicated, defendant failed to bring the case within the scope of the exclusion clause relied upon.

■ The evidence showing that Schassler drank intoxicating liquor to the extent and within such close proximity of time to the happening of the accident that the liquor was noticeable upon his breath half an hour after the accident, is legally, sufficient to support the trial court's finding that Schassler "had been drinking intoxicating liquor within the definition contained in the policy." It is doubtless true and in fact defendant concedes that the phrase "had been drinking intoxicating liquor" should be construed to mean had been drinking at the time of the accident, and not at some time remote thereto; but it is quite certain that defendant was not required to show that the fact that Schassler had been drinking intoxicating liquor was the proximate cause of the accident, for as held in the following cases, where an automobile indemnity policy contains exclusion clauses exempting the insurer from liability if an accident occurs while the automobile is being used under any of the conditions therein specified, proof alone of the existence of any of those conditions at the time of the accident suspends the coverage under the policy; and the insurer's exemption from liability does not depend upon the condition "becoming the cause of the accident or even contributing to the casualty." (*Coolidge* v. *Standard Acc. Ins. Co.*, 114 Cal. App. 716 [300 Pac. 885]; *Sears* v. *Illinois Indemnity Co.*, 121 Cal. App. 211 [9 P. (2d) 245]; *Conner* v. *Union Automobile Ins. Co.*, 122 Cal. App. 105 [9 P. (2d) 863].)

And even considering the case from plaintiffs' viewpoint,

that defendant was required to show that at the time of the accident Schassler was affected, to some extent at least, in the operation of his car by the liquor he drank prior to the accident, the evidence presented, including Schassler's version of the happening of the accident, was clearly sufficient to justify the conclusion that such was the case. It appears therefrom that at the time of the accident Schassler, a chemist, 50 years old, lived alone in Emeryville, and that the events leading up to the happening of the accident, as related by him, were these: Earlier that evening he drove his car on a pleasure trip out Dublin Canyon, and returned home about 8:30 o'clock. Soon afterwards he drove over to Berkeley to eat dinner at a place called "Spengler's"; and he there drank a bottle of beer. He finished eating his dinner about 10 o'clock and returned home, remained there until about 11:30 o'clock and then concluded to take another ride. He had no definite destination in mind, so he drove out the Eastshore Highway through Richmond, thence north on San Pablo Avenue; and around midnight he stopped at a night club, called "Sunnyside Inn," in San Pablo, to get a drink. He stayed through the "floor show" and during his visit there drank two "coke highballs" consisting of whiskey and coca-cola. He left about 15 minutes after the "floor show" was over to drive home, but lost his way; and after driving around aimlessly for some time he eventually arrived back at Sunnyside Inn. He did not go in, but "got his bearings" and again started home. The night club is located on Market and Kearney Streets, and he had not travelled far along Market Street when the collision took place. Plaintiffs were travelling along Twenty-third Street, which is an arterial, and the intersection at Market is protected by stop signs on Market Street. Schassler, according to his statement, stopped at the sign, looked in all directions; but despite the fact that plaintiffs' car was then approaching the intersection with the headlights burning, he saw no cars in the vicinity of the intersection and he started across at four or five miles an hour. Just after he started he saw plaintiffs' car as it neared the intersection, travelling, so he stated, about 45 miles an hour, and he attempted to cross in front of it. The impact immediately followed. As appears from his testimony and written statements, he was considerably confused as to the time he entered the Sunnyside Inn, the time he left there, and how long he drove around while

"lost." In one of his written statements he stated that he arrived there about 12:30 o'clock; that after leaving there he drove around for about 10 minutes, and left there the second time "around 1:45" (the accident happened about 2 o'clock); whereas at the trial he testified that he was in the night club, drinking, "around 12 o'clock"; that he did not remember exactly what time he left there but that it was "around 12:30." When asked "How long do you think you were lost?" he replied, "It must have been at least an hour, maybe more than an hour." He was then asked this question: "Well, the accident happened about an hour then after you had these drinks, is that correct?" and he answered: "I do not know the time exactly. I had no watch going and I don't know what time it was. That is only my judgment, an hour or half an hour or two hours. I don't know exactly."

In disposing of appeals in negligence cases the reviewing courts, on numerous occasions, have held that the indulgence in intoxicating liquor by the driver of an automobile may and often does have a tendency to affect his keenness of observation, alertness, or sound judgment, or to encourage recklessness or cause drowsiness; and obviously the question of whether in any given case a driver has been affected in any of the ways mentioned is one of pure fact to be determined by the trial court or jury from the evidence adduced in that particular case. In view of the somewhat erratic conduct on the part of Schassler after leaving the night club the first time, there is no legal ground upon which it may be held on appeal, as a matter of law, that his driving was not influenced, to some extent at least, by the indulgence in the intoxicants he acknowledged having taken before the accident. True, he claimed the liquor he drank did not affect him in any way in the driving of his car; and he may have honestly so believed. But, if material, that was the question of fact the trial court, rather than Schassler, was called upon to decide; and it is apparent that the surrounding circumstances were such as justified the trial court in disagreeing with Schassler's conclusion. It follows, therefore, that even though the exclusion clause here involved is susceptible of the construction contended for by plaintiffs, the evidence is legally sufficient to support the trial court's finding; and since an injured person suing upon a policy of public liability insurance is bound by the limitations thereof to the same extent as the assured

(*Western Machinery Co.* v. *Bankers I. Ins. Co.*, 10 Cal. (2d) 488 [75 P. (2d) 609]), plaintiffs herein were not entitled to recover on the policy.

Accordingly the judgment is affirmed.

Peters, P. J., and Ward, J., concurred.