Action by Leona Mason against the Life Casualty Insurance Company of Tennessee, a corporation, to recover benefits for accidental death of insured, under a life policy. From the judgment, plaintiff appeals.
Judgment reversed.
See also Fla., 41 So.2d 155.
The appeal is from a judgment overruling a demurrer to a plea in a suit involving a claim for double indemnity benefits under a life insurance policy.
Leona Mason, the beneficiary under a policy of life insurance issued by the Life and Casualty Insurance Company of Tennessee, sued the company to recover benefits for the accidental death of her daughter, the assured. The policy upon which the suit was based contained the following provisions:
"Upon receipt * * * of due proof that the assured * * * has sustained * * * bodily injuries effected solely through external, violent and accidental means, of which, except in the case of drowning there is a visible contusion or wound on the exterior of the body of the insured, causing death, and that such death occurred * * * as the direct result thereof independent of all other causes, the Company will pay in addition to any other sums due under this Policy and subject to its provisions an accidental death benefit equal to the amount of life insurance then payable at death * * *.
"This Accidental Death Benefit does not cover * * * death resulting directly from the use of intoxicating liquors or narcotics * * *."
The declaration filed against the company alleged that while the policy was in full force and effect the assured sustained bodily injuries effected solely through external, violent and accidental means, of which there was a visible contusion or wound on the exterior of the body of the insured, causing death and that such death occurred as the direct result thereof independent of all other causes and that by reason thereof the insurance company became liable to pay in addition to the life benefit stipulated in the policy an accidental death benefit equal to the amount of life insurance then payable at death; that the insurance company had denied liability on the accidental death benefit claim and refused to make payment thereunder.
To this declaration the defendant pleaded that it was not liable for the payment of the accidental death benefit claim for the reason that "at the time of the death of the insured, she was under the influence of intoxicating liquor from the use thereof and that the use of intoxicating liquors by the insured proximately and directly contributed to her death in the following manner, to-wit: shortly prior to the death of the insured she, then and there intoxicated from the use of intoxicating liquor, was riding in a taxicab in the direction of the City of Pensacola; without any apparent reason she requested the taxicab to stop and let her out at a point several miles away from Pensacola, in a thinly settled place, and in the dark before daybreak. The taxicab stopped and insured got out in her intoxicated condition and walked down the paved portion of a travelled highway, in a place of danger from traffic on said highway, and without taking reasonable precautions for her own safety. And that while she was walking down said highway after she had got out of said taxicab, she was struck by a motor truck properly using said highway and her death resulted therefrom."
A demurrer was filed to this plea on the grounds, among others, that the plea failed to set forth sufficient facts to bring the insurance company within the exclusion provision of the policy of insurance; that it affirmatively appeared from the plea that the immediate cause of the death of the *Page 155 
insured was being struck by a motor truck and not from the use of intoxicating liquors; and that it affirmatively appeared from the plea that the use of intoxicating liquors was a remote cause of the death of the insured.
The demurrer to the plea was overruled and, the appellant conceding the truth of the facts well pleaded in the plea and not desiring to go to trial thereon, a final judgment was entered against the appellant in bar of her action.
The present appeal is from the judgment on demurrer, the sole question being whether, assuming the facts well pleaded to be true, the appellee has shown by its plea that the death of insured occurred within the stated exception to the policy.
The exception clause excludes from coverage under the policy "death resulting directly from the use of intoxicating liquors." This provision of the policy is plain, simple and unambiguous and plainly refers to the effect of the use of intoxicating liquors upon the system of an assured as distinguished from acts committed by him by reason of his being under the influence of, or his mind being affected by, intoxicants. See Campbell v. Fidelity Casualty Co., 109 Ky. 661, 60 S.W. 492; Union Central Life Ins. Co. v. Hughes, 110 Ky. 26, 60 S.W. 850; Busing v. Modern Woodmen of America, 151 Ill. App. 49; Holterhoff v. Mutual Ben. Life Ins. Co., 5 Ohio Dec. 141, 3 Am.Law Rec. 272.
To bring a case of death within such an exception clause of a policy the burden is on the insurer to show that the use of intoxicants by the assured was voluntary and that it was the direct cause of death. See Cooley's Briefs on Insurance, 2d Ed. Vol. 6, p. 5199; Couch on Insurance, Vol. 6, Sec. 1245, p. 4554; New York Life Ins. Co. v. La Boiteaux, 5 Ohio Dec. 242, 4 Am.Law Rec. 1; Mutual Life Ins. Co. v. Stibbe, 46 Md. 302; Miller v. Mutual Benefit Life Ins. Co., 31 Iowa 216, 7 Am.Rep. 122; Hanna v. Connecticut Mutual Life Ins. Co., 8 Misc. 431, 28 N.Y.S. 661.
The facts alleged in the plea did not meet the burden of proof imposed by the law, and hence the judgment appealed from should be reversed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.