229 So.2d 625 (1969)
Estella RIVERS, Appellant,
v.
CONGER LIFE INSURANCE COMPANY, Appellee.
No. 2401.
District Court of Appeal of Florida. Fourth District.
December 12, 1969.
*626 Jack Ackerman, of Johnson, Johnson, Brant & Ackerman, West Palm Beach, for appellant.
Howard A. Setlin, of Bolles, Goodwin, Ryskamp & Ware, Miami, for appellee.
TJOFLAT, GERALD BARD, Associate Judge.
This action was commenced by appellant, Estella Rivers, the named beneficiary of a disability insurance policy issued by the appellee, Conger Life Insurance Company, on the life of one Thomas Jefferson, who died on January 21, 1967, of third degree burns suffered in a fire apparently caused by smoking in bed. The complaint alleged that appellant was entitled to receive the accidental death benefit afforded by the policy and attorney fees incurred because of the company's refusal to pay.
In its answer, the appellee alleged that the fire started because the insured became intoxicated and fell asleep as he smoked. It denied that death was by accidental means as defined in the policy. Alternatively, as an affirmative defense, appellee took the position that there was no liability because the policy excepted from coverage death caused by intentional act or occurring while the insured is under the influence of alcohol.
The evidence adduced at the trial revealed that Jefferson was a 56 year old farm laborer, who lived in Archie Lee Rollins' rooming house in Belle Glade. On the night of January 18, 1967, Rollins saw smoke coming out of Jefferson's window and immediately rushed to his room. He found Jefferson, severely burned and unconscious, lying in bed, and the mattress on fire. Cigarette butts and match stems were on the floor. There was a hole in the center of the mattress where the fire had burned through to the bed springs. The evidence was in dispute as to the presence of two empty wine bottles on the floor by the bed. The investigating police officer, who was called to the scene, described them as wine bottles. Rollins said they were soda bottles. Essie Mae Kennedy, another occupant of the rooming house, saw only a small bottle of rubbing alcohol in the room.
Jefferson was rushed to Glades General Hospital. On admission he was in a state of shock and incoherent. Despite extensive treatment, the case was terminal. His kidneys failed, uremia developed, and he slipped into a deep coma and died within 92 hours.
On the death certificate, the cause of death was indicated as "uremia" due to third degree burns over 30% of the body. Other significant conditions, contributing to death but not related to the terminal disease, were noted as: "alcoholic cirrhosis with acute liver failure."
The jury returned a verdict for appellant in the amount of $3,600.00, the full death *627 benefit. Appellee then moved for judgment notwithstanding the verdict.[1] The motion was granted and this appeal was taken from the judgment consequently entered for appellee.
The applicable insuring provision of the disability policy states, in part:
"Upon receipt of due proof that * * * the Insured has sustained bodily injury resulting in death * * * solely through external, violent and accidental means, of which * * * there is a visible contusion or wound, on the exterior of the body, death being the direct result thereof, and independent of all other causes, the Company will pay, subject to the Exceptions hereinafter enumerated, to the Beneficiary * * *."
To recover under this provision the beneficiary must prove that the insured's death came by accidental means; and we are satisfied that appellant met that burden in this case. See, Ocean Accident and Guarantee Corp. Limited of London, England v. McClung, 10 Cir.1936, 84 F.2d 844; Gulf Life Insurance Company v. Nash, Fla. 1957, 97 So.2d 4; Harvey v. St. Paul Western Insurance Companies, Fla.App. 1964, 166 So.2d 822. Once the coverage of the policy was sufficiently invoked, the burden was upon the appellee to bring the case within an exception to the coverage in order to avoid liability.
It is appellee's contention on this appeal that the beneficiary's claim is barred by the exception which provides:
"The Agreement as to benefit under this Policy shall be null and void if the Insured's death * * * results directly or indirectly, from one of the following causes: (a) * * * while under the influence of alcohol * * *."
Appellee argues that it is manifest that Jefferson was under the influence of alcohol at the time of the fire, and that the trial judge was therefore obliged to set the verdict aside, even though the evidence did not demonstrate, as a matter of law, that his condition contributed to the fatal injuries. This disposition was indicated because the exception does not expressly require that causal relationship to be shown, and most courts have been reluctant to read the element of proximate cause into the provision. Provident Life and Accident Ins. Co. v. Eaton, 4 Cir.1936, 84 F.2d 528; Murdie v. Maryland Casualty Co., D.Nev. 1931, 52 F.2d 888 (appeal dismissed 9 Cir.1932, 57 F.2d 1081); Bradley v. Pacific Employees Ins. Co., 1942, 53 Cal. App.2d 619, 127 P.2d 1007; 10 Couch on Insurance, 2d ed., § 41:456.
We cannot accept appellee's rationale. It essentially ignores the following policy exclusion which indicates that coverage cannot be defeated unless it is shown that the insured's death is a proximate result of his intoxication:
"INTOXICANTS AND NARCOTICS: The Company shall not be liable for any loss sustained or contracted in consequence of the insured's being intoxicated * * *."
This is the provision required by the Florida Insurance Code[2] to be included in a disability insurance policy if an insurer desires to eliminate coverage where the insured's consumption of alcohol is a circumstance attending his death or disability.[3] *628 The burden of proof implicit in its language is obviously greater than that imposed by the exception cited by appellee. For example, the term "intoxicated" is stronger than the term "under the influence" and describes a person who is under the influence of intoxicating beverages to such an extent that he has lost the normal control of his bodily and mental faculties.[4] The words "in consequence of being intoxicated" mean that a causative connection between intoxication and death must be shown if coverage is to be denied. As is pointed out in 10 Couch on Insurance, 2d ed., § 41:457:
"Where the exception clause is so phrased that the harm is the consequence or sequel of the insured's intoxication or other specified condition, it necessarily follows that in order to avoid liability under the exception the insurer must establish that the intoxication has some causative connection with the death or injury of the insured, where the clause is so phrased as to make the death or injury of the insured a sequel of his intoxication. Thus, it has been held that where a policy does not cover injuries received by the insured as the `result' or `in consequence' of being intoxicated, or `caused' by intoxication, some causal connection must be shown."
Cf, Mason v. Life & Casualty Ins. Co. of Tennessee, Fla. 1949, 41 So.2d 153. In sum, it is obvious that this provision is more favorable to the beneficiary than the exception relied upon by the appellee. Since we are dealing with a form insurance contract, the inconsistency created by these clauses must be resolved in appellant's favor.[5] We therefore hold that, in order to avoid liability in this case, appellee was required to demonstrate a causative connection between Jefferson's intoxication and death.
An examination of the evidence reveals distinct questions of fact as to the insured's intoxication and its association with death. The last witnesses to see Jefferson before the fire was discovered were unequivocal in stating that he was sober and in complete control of himself. They saw him between 4:30 and 5:30 o'clock that evening, and he gave no indication of having been drinking. The record discloses nothing about his whereabouts or activities until the tragedy occurred. The only direct evidence of Jefferson's consumption of intoxicants came in the testimony of Dr. Luis R. Guerrero, a surgeon, who smelled alcohol on his breath at the hospital. However, the doctor was unable to specify the amount of intake, since "one beer smells the same as twenty beers", and a blood-alcohol test was not performed. He thus declined to render an opinion as to whether the insured was intoxicated. Furthermore, he testified that the burns were the direct cause of death. They brought about the *629 irreversible kidney failure and consequent uremia.
On this expert testimony, the evidence disclosed by the death certificate and the testimony of the lay witnesses we have cited, the jury was entitled to return a verdict for appellant. Certainly it cannot be said that the manifest weight and probative force of the evidence required the trial court to grant appellee's motion for judgment notwithstanding the verdict. The granting of the motion was error. Accordingly, we reverse and remand the case for reinstatement of the final judgment for appellant.
CROSS, C.J., and McCAIN, J., concur.
NOTES
[1] The appellee also moved for a new trial, but the motion was denied.
[2] Chapters 624 through 632, Florida Statutes.
[3] The policy involved in this case constitutes disability insurance as defined by the Code in Section 624.0402, Florida Statutes, F.S.A. Sections 627.0501(5), 627.0517 and 627.0528, Florida Statutes, F.S.A. considered together, effectively provide that, if an insurer chooses to delete coverage when intoxicants are present in the insured's system on the occasion of death or disability, the insurer shall include the following provision in the policy: "`Intoxicants and Narcotics: The insurer shall not be liable for any loss sustained or contracted in consequence of the insured's being intoxicated or under the influence of any narcotic unless administered on the advice of a physician.'"
[4] Zee v. Gary, 1939, 137 Fla. 741, 189 So. 34. "Though all persons intoxicated by the use of alcoholic liquors are `under the influence of intoxicating liquors,' the reverse of the proposition is not true; for a person may be under the influence of intoxicating liquors without being intoxicated." Cannon v. State, 1926, 91 Fla. 214, 107 So. 360. See also, Clowney v. State, Fla. 1958, 102 So.2d 619; Taylor v. State, Fla. 1950, 46 So.2d 725; Lowe v. State, Fla.App. 1959, 116 So.2d 254.
[5] 10 Fla.Jur., Insurance § 94. The time honored rule of construction  that ambiguous and conflicting insurance policy provisions are to be construed strictly and most strongly against the insurer  is given efficacy by the Florida Insurance Code. Section 627.0532, tacitly referring to the "Intoxicants and Narcotics provision" of Section 627.0528, Florida Statutes, states: "No policy provision * * * shall make a policy, or any portion thereof, less favorable in any respect to the insured or beneficiary than the provisions thereof which are subject to this chapter."