277 So.2d 839 (1973)
Charles F. MOORE, Jr., Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellee.
No. 72-1035.
District Court of Appeal of Florida, Third District.
May 22, 1973.
Rehearing Denied June 15, 1973.
*840 Whitman & Wolfe, Miami, for appellant.
Fleming, O'Bryan & Fleming, Ft. Lauderdale, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
The appellant Charles F. Moore, Jr., who was employed as a pilot by Braniff Airways, Inc., was an insured under a group life and accident death policy issued by the appellee to Braniff. His basic life insurance thereunder was $10,000, the premiums for which were paid by Braniff. As permitted under the policy, the appellant had contracted for additional life insurance in the amount of $40,000, for which he paid premiums.
While so employed, and prior to his sixtieth birthday, the appellant suffered permanent total disability within the meaning of the policy. Thereupon, under provisions of the policy, he became entitled to waiver of subsequent premiums, and to certain disability payments or, at his election, to payment of the amount of his life insurance which was in force on the day he became so disabled. The insurer construed the policy to require payment of only the basic life insurance of $10,000, which amount it paid to the insured.
The present action by the insured against the insurer, Connecticut General Life Insurance Company, was to require payment also of the remaining $40,000 of his life insurance. The trial court ruled, in accordance with the contention of the insurer, that under the terms of the policy such $40,000 of term life insurance was not presently payable but would continue in effect without need for payment of further premiums, and be payable on death of the insured. This appeal was filed therefrom by the insured.
We find merit in the contention of the appellant that such construction placed on the policy by the trial court was incorrect, and that under an express provision of the policy the insurer was required to pay the insured the $50,000 of insurance on his life which was in force when he became permanently totally disabled.
In the schedule of benefits of employees, the policy provided that "the total amount of life insurance actually in force at any time on the employee is shown on the Braniff International Employee Insurance Statement and consists of term insurance *841 or paid-up insurance or a combination thereof as determined from the provisions of this `Amounts of Term and Paid-Up Insurance' section." It was further provided that if an employee has not purchased paid-up insurance his "amount of insurance will consist of term insurance only." The policy then defined term insurance as follows: "Term Insurance. The amount of term insurance in force on an employee at any time while he is insured for term insurance will equal the sum of the Basic and Additional amounts, if any, shown on the Statement." The "Insurance Statement" of this insured showed his Life Insurance to be: "Basic Term" ($10,000) and "Additional Term Coverage, $40,000."
Therefore it appeared without dispute or ambiguity that the amount of insurance in force on the insured's life on the date he became so disabled was $50,000, and that such was the amount of his term insurance.
With reference to an insured in the status of this appellant the policy provided as follows:
"Upon receipt by the Insurance Company of due proof that an employee, prior to his 60th birthday and while insured under this policy has become permanently totally disabled, the Insurance Company, in lieu of all other benefits and options provided under the policy, will waive further premiums for the insurance on that employee and will pay to the employee the amount of insurance in force on the employee's life on the day he became permanently totally disabled." [Italics supplied.]
By the foregoing clear provisions of the policy the insured was entitled to payment by the insurer of his $50,000 of life insurance, being his term insurance as defined in the policy. The basis upon which the trial court held otherwise, and ruled that the insurer was required to pay only $10,000 of the insured's $50,000 term life insurance, was a clause appearing at the top of each of two pages of the policy which contained various provisions relating to payments in the event of total disability, including the payment provision quoted above. The clause at the top of such pages was as follows:
"The provisions set forth on this page will apply only to amounts of term insurance excluding amounts of additional insurance."
That clause is ambiguous. The trial court considered that the reference therein to "additional insurance" was intended as an exclusion of that part of the "term insurance" for which the insured had contracted, and treated the reference therein to "term insurance" to mean only that portion of the insured's $50,000 term insurance represented by the "basic" $10,000 amount thereof. If that was the meaning and intent of that clause it was not there stated with any clarity. If the intent of the clause was that the provision on that page for payment of "the amount of insurance in force on the employee's life on the day he became permanently disabled" was to be only of that portion thereof which was represented by $10,000 of his term insurance, the clause should have so stated. Likewise, if the words "additional insurance" as used in that clause were intended to exclude a portion of the term insurance rather than to exclude additional insurance authorized by the policy other than "the amounts of term insurance," it should have been so stated.[1]
Since by the provisions of the policy the life insurance of the insured was defined to be his term insurance of $50,000, in order to regard the reference in that clause to "amounts of term insurance" to mean only the basic $10,000 part of his term insurance, it would be necessary to add language thereto, as though the clause had said "only the basic $10,000 amount of term insurance." Also, where "term insurance" *842 as stated in that clause was not so redefined or limited, in order to regard the exclusion therein of "additional insurance" as showing intent to exclude a part of the appellant's term insurance, as distinguished from intention to exclude additional insurance other than amounts of term insurance, it would be necessary to add words to the clause to state or express that meaning and intent, which the language of the clause did not include. In the absence of some such wording to express an intent in those respects the language in the clause that the provisions on that page of the policy "will apply only to amounts of term insurance excluding amounts of additional insurance," was equally if not more susceptible to be interpreted to mean that the provisions on that page would apply to the term insurance (which in this instance was $50,000 of such insurance) and that the "additional insurance" to which the exclusion related had reference to insurance other than the "term insurance" to which the clause stated the provisions on that page would apply.
In summary, the provision for payment of the amount of life insurance of the insured, which was his term insurance, was clear and unambiguous. The clause relied on by the appellee as an exclusion of some part of his term insurance (as defined in the policy) did not expressly so provide, and at the most presented an ambiguity in that regard. That ambiguity should be resolved against the insurer.
A contract of insurance, prepared and phrased by the insurer is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language is doubtful, uncertain or ambiguous. In the absence of a clear expression, a policy of insurance may not give a right in one paragraph and retract it in another. Therefore, an inconsistency created by an exclusionary clause should be resolved in favor of the beneficiary. Firemans Fund Ins. Co. of San Francisco, Cal. v. Boyd, Fla. 1950, 45 So.2d 499; National Casualty Company v. General Motors Acceptance Corporation, Fla. App. 1964, 161 So.2d 848; Rivers v. Conger Life Ins. Company, Fla.App. 1969, 229 So.2d 625; George v. Stone, Fla.App. 1972, 260 So.2d 259.
Somewhat analogous is the situation where a caption, preceding a provision in an insurance policy, appears contrary to the provision, so as to create an apparent ambiguity. In Winter Garden Ornamental Nursery, Inc. v. Cappeleman, Fla.App. 1967, 201 So.2d 479, 480, where that occurred, it was held that while resort could be made to such a caption to explain an ambiguity in the operative part of the clause or policy provision, such caption could not be used to create an ambiguity in the provision of the policy where none existed therein.
Accordingly, the judgment is reversed and the cause is remanded to the circuit court with direction to enter judgment in favor of the insured against the insurer for the unpaid portion of "the amount of insurance in force on the [plaintiff] employee's life on the day he became permanently totally disabled."
Reversed and remanded with direction.
NOTES
[1] Along with life insurance the policy listed additional kinds of insurance thereunder, viz: "Accidental death and dismemberment insurance; Disability income insurance; Long term disability insurance; and Medical expense insurance."