NESBITT, Judge.
An insurer argues that the trial court erred in failing to apply section 316.1934, Florida Statutes (1989), which creates a permissive inference of a driver’s impairment, and thus erroneously awarded double indemnity benefits and attorney’s fees to the insured’s beneficiary. We agree.
Emérita Coll, filed suit against New York Life for benefits allegedly due her as beneficiary of a life insurance policy issued to her daughter, Milleta. The insured died in a single-car accident when she hit a light pole on the side of a Dade highway. Upon proof of the insured’s death, appellant paid life benefits of $10,000 to Coll but declined Coil’s claim for $10,000 in accidental death benefits. The insurer based its refusal upon a policy exclusion which denied coverage for “a loss caused in any way by intoxicants, unless administered on the advice of physician.”
The Dade medical examiner performed an autopsy on the insured and determined that her blood alcohol content was .10% at the time of her death. At trial, both the medical examiner and a toxicologist testified that the faculties of a person with a .10% blood alcohol level would be impaired. The beneficiary for the insured claimed that the insured’s vehicle had previously had power steering problems. Also, a passenger in the car who herself had several drinks the night of the incident and who was asleep in the car at the time of the crash, testified that the insured was acting in a normal fashion prior to the occurrence.
For the beneficiary to recover $10,-000 under the policy’s accidental death and dismemberment provision, the beneficiary was required to prove that insured’s death came by accidental means. See Rivers v. Conger Life Ins. Co., 229 So.2d 625, 627 (Fla. 4th DCA 1969). Once coverage was sufficiently invoked by the beneficiary, the burden was then on the insurer to bring the case within one of the enumerated policy exceptions to coverage in order to avoid liability. See Harris v. Carolina Life Ins. Co., 233 So.2d 833, 834-35 (Fla.1970); Mason v. Life & Cas. Ins. Co. of Tenn., 41 So.2d 153, 155 (Fla.1949); Rivers, 229 So.2d at 627. The insurer claims here that it carried the burden, in the trial court, of showing some causal relationship between the insured’s death and the intoxicants she *1308 consumed in order for the exclusionary provision of the policy to be effective.
In considering the evidence before him, the trial judge grappled with the effect to be given to section 316.1934(2)(c). That section states in part:
If there was ... [at the time of injury] 0.10 percent or more by weight of alcohol in the person’s blood, that fact shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
The insurer argued that the insured’s blood alcohol content of over .10% raised the presumption of impairment. The beneficiary argued that section 316.1934(2)(c) could not be applied because there was neither probable cause for taking the blood test, see § 316.1933(1), Fla.Stat. (1989), nor alternatively was the test given for a medical purpose, see § 316.1932(l)(f)l, Fla.Stat. (1989). The trial judge specifically concluded that while evidence of the insured’s blood alcohol level would be admitted, the statutory inference could not apply. He determined that absent the inference, the evidence was “50/50” as to whether there was a causal connection between the accident and the intoxicants found in the insured's bloodstream. Finally, the trial judge commented that his decision not to apply the statutory inference was crucial to his final determination in the beneficiary’s favor.
We disagree with the trial court’s conclusion that section 316.1934(2)(c) does not apply to the instant case. The autopsy, which was mandated by section 406.11, Florida Statutes (1989), was performed for a medical purpose and therefore the inference of section 316.1934(2)(c) was applicable.
The Florida supreme court in two recent opinions has clarified the effect to be given this section. Those cases conclude that a .10% or greater blood alcohol content creates a permissive inference of impairment, that is, can be considered by the trier of fact as evidence of impairment. See Wilhelm v. State, 568 So.2d 1 (Fla.1990); State v. Rolle, 560 So.2d 1154 (Fla.1990). Because the trial judge admitted expert testimony as to the insured’s blood alcohol content but incorrectly concluded that he could not apply the inference of impairment, the case must be reversed and remanded.
Upon reconsideration, the trial judge should reevaluate the test results and other evidence in the case, although sparse. The trial judge need not conduct a new eviden-tiary hearing but should reconsider the matter based upon his knowledge of the matter and the fact that this time the statutory permissive inference of impairment will be activated in the carrier’s favor.
Reversed and remanded with directions.