659 So.2d 1365 (1995)
PINELLAS COUNTY, BY and Through the BOARD OF COUNTY COMMISSIONERS, Appellant/Cross-Appellee,
v.
Thomas Anthony BETTIS, Sr., Personal Representative of the Estate of Thomas Anthony Bettis, Jr.; Thomas Anthony Bettis, Sr. and Marlene P. Bettis, Appellees/Cross-Appellants.
No. 93-04092.
District Court of Appeal of Florida, Second District.
September 8, 1995.
*1366 Howard M. Bernstein, Senior Assistant County Attorney, Clearwater, for appellant, cross-appellee.
Robert Dillinger and Paul W. Hitchens, St. Petersburg, for appellees/cross-appellants.
QUINCE, Judge.
Pinellas County (the County) appeals various trial and posttrial rulings in a wrongful death action. The appellees cross-appeal the admission of blood alcohol evidence and a jurisdictional issue. We reverse and remand for a new trial because the trial court erred in failing to give a jury instruction on driving a vehicle while under the influence of alcoholic beverages to the extent that one's normal faculties are impaired.
Thomas Bettis, Sr., as personal representative of the estate of his deceased son, Thomas Bettis, Jr. (Bettis), filed a complaint for wrongful death against Pinellas County on behalf of himself, his son's estate and Marlene Bettis, the decedent's mother. The action arose out of a traffic accident which occurred on the morning of July 20, 1990, in Pinellas County, Florida. A county mosquito truck being driven by Eugene Allen Peck was making a left turn at the intersection of Curlew Road and Eagle Lane and collided with a motorcycle being operated by the decedent, who was heading westbound through the intersection. Thomas Bettis, Jr. died from injuries sustained in the accident.
The County answered the complaint by denying any negligence and alleging the accident was caused in whole or in part by the negligence of Bettis. On February 3, 1993, appellees/cross-appellants submitted to the County a demand for judgment pursuant to section 768.79, Florida Statutes (1989), in the amount of $190,000.00. The County did not accept the demand, and the case went to jury trial on July 12-14, 1993. The jury returned a verdict for the appellees finding the County 80% negligent and Bettis 20% negligent. The total award was $476,201.35.
At trial the following relevant testimony was elicited. The police officer investigating the accident, Terrence Farrell, testified the accident occurred in the westbound lane of traffic, with the motorcycle striking the right front bumper of the truck. He stated Bettis had less than a second or two to react after Peck entered his lane. A mechanical engineer, Brad Rimbey, testified it was his opinion the accident occurred in the westbound lane. He opined the truck was in Bettis' lane for approximately 1.3 seconds, and Bettis did not have sufficient reaction time to avoid the collision. Mr. Rimbey stated Bettis and Peck could see each other for about 640 feet from the intersection. He testified the posted speed on Curley Road is 45 miles per hour, and he opined Bettis had been travelling between 47 and 62 miles per hour at the time of impact. Officer Farrell testified Bettis would have had Peck's truck in his vision for 5 to 7 1/2 seconds before the accident. Farrell indicated Bettis was travelling at 70 miles per hour at the time of impact, and stated Bettis' speed was a contributing factor to the accident.
Ronald Bell, chief toxicologist at the Medical Examiner's Office, testified a blood test was done on Bettis in connection with an autopsy. The test revealed Bettis had a blood alcohol level of 0.13 grams per deciliter. Mr. Bell opined such a blood alcohol level would result in sufficient impairment in the ability to perform a complex task, such as operating a motor vehicle. Deputy Hartigan of the Pinellas County Sheriff's Office indicated that less than an hour and a half before the accident, he observed Bettis pull his motorcycle out of a ditch.
The County requested jury instructions on driving under the influence of alcoholic beverages to the extent one's normal *1367 faculties are impaired[1] and on driving over the posted speed limit. The trial court instructed the jury on the speed limit statute but refused to instruct on the impairment statute. The County argues the trial court's refusal to give the impairment instruction was error. We agree.
The County's defense in this action was that the accident was caused in whole or in part by the negligence of Bettis. It was argued that Bettis was negligent because he was speeding and his faculties were impaired by alcohol.[2] There was evidence introduced at trial in support of both these contentions. Our courts have long recognized parties are entitled to jury instructions on their theories of the case if these contentions are supported by any evidence. Harnly v. Watson, 519 So.2d 18 (Fla. 2d DCA 1987); Gallagher v. Federal Ins. Co., 346 So.2d 95 (Fla. 3d DCA 1977); Wooten v. Collins, 327 So.2d 795 (Fla. 3d DCA 1976).
This case is legally similar to New York Life Ins. Co. v. Coll, 568 So.2d 1306 (Fla. 3d DCA 1990). In Coll, the district court held the trial court erred in failing to take into consideration the statutory inference of one's normal faculties being impaired when the blood alcohol is 0.10. See § 316.1934(2)(c), Fla. Stat. (1989). The decedent in Coll struck a light pole while operating a vehicle and died as a result of injuries sustained. An autopsy revealed the decedent's blood alcohol level was 0.10. The autopsy in this case revealed a blood alcohol level of 0.13. In Coll, the trial court, as the trier of fact, erred in failing to consider the statutory permissive inference of impairment. Similarly, in the instant case the trial court erred in not giving the jury an opportunity to determine the factual issue of impairment and whether it contributed to the accident. Since the jury was not properly instructed on this issue, the County is entitled to a new trial.
We address two additional points raised on appeal as a guide to the trial court upon retrial of this matter. Once the jury has determined the percent of fault and the amount of damages, the trial court should enter judgment against a party in the amount equal to that party's percentage of fault. Sub judice, the County was found 80% negligent. The total jury award should have been reduced by 20%. On retrial the court should apportion any damages awarded based on the percentage of fault of the tortfeasors.
The trial court awarded attorney's fees to the plaintiff pursuant to section 768.79, Florida Statutes (1989), which provides for the award of attorney's fees when an offer of judgment is made by the plaintiff, rejected by the defendant, and the subsequent judgment is at least 25% more than the offer. The appellees/cross-appellants made an offer of judgment to the County in the amount of $190,000.00; the offer was rejected. The judgment against the County was in excess of the amount of the offer plus 25%. The fee awarded under this statutory provision was $16,000.00, well within the 25% of judgment or settlement limitation contained in section 768.28(8), Florida Statutes (1989). Accord Hellmann v. City of Orlando, 634 So.2d 245 (Fla. 5th DCA 1994).
The County, however, argues the trial court erred in requiring it to pay this fee beyond the sovereign immunity limits of section 768.28(5), Florida Statutes (1989). We agree. Section 768.28(5) limits the County's liability in a tort action to $200,000.00. This is the total amount payable by the County, and any excess amount is recoverable only by action of the legislature. City of Lake Worth v. Nicolas, 434 So.2d 315 (Fla. 1983); Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla. 1982). The trial court may enter judgments for damages, costs and fees, and post-judgment interest which exceed $200,000.00, but the County is liable for payment of $200,000.00 *1368 only. To the extent the trial court's order awarding attorney's fees requires the County to make payment beyond the limits of its liability, that was error. The prevailing party must look to the legislature to collect any sum awarded beyond the $200,000.00 limit.
Because the trial court erred in failing to give the requested instruction on driving a vehicle while under the influence of alcoholic beverages to the extent that one's normal faculties are impaired, we reverse for a new trial. Any future judgments for damages and/or attorney's fees should be awarded consistent with this opinion.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] The appellees/cross-appellants raise as an issue the trial court's admission of evidence concerning the decedent's blood alcohol level. We find no error on this point.
[2] The County originally requested an instruction concerning driving under the influence because of the blood alcohol level. However, that request was abandoned during the jury instruction conference.