## BEATTY BROKERAGE CO. v. GULF, C. & S. F. RY. CO.

(Circuit Court of Appeals, Fifth Circuit. February 12, 1927. Rehearing Denied March 11, 1927.)

No. 4873.

1. **Appeal and error** ⚖️850(2)—**Where no special findings are made on trial to court by stipulation, only question on review is whether trial court committed errors of law.**

In an action at law, tried to the court by stipulation, where no special findings of fact are made, but only a general judgment rendered, review by the appellate court is restricted to a determination of what, if any, errors of law were committed by the trial court.

2. **Depositions** ⚖️110—**Objections should be made to each question and answer, and not to entire deposition.**

The general rule as to objections to depositions is that they should be made to each question and answer, and not to the entire deposition.

**3. Depositions ⟨105—Motion to suppress deposition must be made before trial.**

Unless objection is urged on examination of a witness giving his deposition, it must be done by motion to suppress the deposition at some time before trial, and if not made until day of trial it is too late.

**4. Appeal and error ⟨977(1)—Grant or refusal of new trial is discretionary, and not reviewable.**

In the federal courts, granting or refusal of a new trial is discretionary, and not reviewable.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by the Gulf, Colorado & Santa Fé Railway Company against the Beatty Brokerage Company; Guy Beatty proprietor. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 13 F.(2d) 950.

Robert R. Stone, of Lake Charles, La., for plaintiff in error.

A. P. Pujo and U. A. Bell, both of Lake Charles, La. (Terry, Cavin & Mills, of Galveston, Tex., and Pujo & Bell, of Lake Charles, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error, hereafter called plaintiff, brought suit against plaintiff in error, hereafter called defendant, to recover freight, demurrage, and other charges on two carloads of rice straw shipped from Jennings, La., to Temple, Tex., over the line of plaintiff and connecting carriers, of which delivery was not accepted. The charges amounted to $564.37. The straw was sold under the provisions of the law of Texas (R. S. Texas 1911, arts. 725, 726), and realized $115.10, which was credited against the total charges, leaving a balance of $449.27.

[1] The jury was waived by written stipulation. The evidence was taken out of the court by agreement, and the case submitted to the District Judge in chambers. Neither party asked for any special findings of fact nor moved for judgment. The court made no special findings of fact, although reciting the facts in a brief opinion, and entered a general judgment in favor of plaintiff. In this situation we are restricted to determin-

ing what, if any, errors of law may have been committed by the trial court. Bank of Waterproof v. Fidelity & Deposit Co. of Maryland (C. C. A.) 299 F. 478.

It is shown by the bill of exceptions that plaintiff offered the depositions of W. A. Dolan, taken before a notary public on December 18, 1920, and also other depositions of the same witness, taken before another notary on April 17, 1922. Objection was made to the admission of the depositions of this witness, on the ground that his testimony was based on records of the plaintiff not made by him, and which he did not know of his own knowledge to be true, so was hearsay. The objection was overruled and exception taken. Error is assigned to the action of the court in that regard; also to the overruling of a motion for a new trial. No other errors are assigned.

With regard to the first error assigned, it is clear that some of the answers of the witness were made from his own knowledge, and as to others he relied upon records of the plaintiff made by others, but in his custody as station agent. The case was tried in December, 1924, four years after the first deposition was taken, and nearly two years after the second deposition was taken.

[2, 3] The general rule with regard to objections to depositions is that they should be urged to each question and answer, and not in general to the entire deposition as was here done, and further that, unless objection is urged on the examination of the witnesses, it must be done by motion to suppress the deposition at some time before trial. If not made until the day of trial the objection comes too late. York Co. v. Central Railroad, 3 Wall. 107, 18 L. Ed. 170; Shutte v. Thompson, 15 Wall. 151, 21 L. Ed. 123; Bibb v. Allen, 149 U. S. 481, 13 S. Ct. 950, 37 L. Ed. 819. Had a motion to suppress the deposition been promptly made in this case, no doubt plaintiff could have procured other evidence to the same effect. We think, under the circumstances, it was not error for the District Court to overrule the objections to the depositions.

[4] On the other error assigned, it is elementary that in federal courts the granting or refusing of a new trial is within the sound discretion of the trial court, and error cannot be predicated thereon.

As no reversible error appears in the record, the judgment is affirmed.