**NASHUA MFG. CO. v. BERENZWEIG et al.**

**No. 4294.**

Circuit Court of Appeals, Seventh Circuit.
April 11, 1930.

Rehearing Denied May 28, 1930.

J. Hart Anderson, of New York City, for appellant.

Myer N. Rosengard, of Chicago, Ill., for appellees.

Before EVANS, PAGE, and SPARKS, Circuit Judges.

PER CURIAM.

This appeal is from an order denying appellant's application for a preliminary injunction in a suit brought to enjoin appellees from selling their goods by unfair trade methods. Appellant is, and has been for many years, a manufacturer of textile materials. Its trade-mark is "Indian Head."

Appellees are charged with soliciting and securing orders for napkins and table covers by representing that the material out of which such napkins and tablecloths were made was "Indian Head" cloth. Affidavits were submitted to the effect that the appellees' salesman called up certain large users of napkins, etc., and asked if they did not wish to buy some "Indian Head" napkins at attractive prices. One purchaser at least

asked for samples, and in response appellees wrote a letter saying, "Wish to advise you that we are in a position to sell you 18x18 I. H. *napkins* hemmed ready for use at the exceptional low price of .67c per dozen."

It was admitted upon the hearing in the District Court that appellees had no "Indian Head" napkins and no "Indian Head" cloth for sale. They assert, however, that the use of the letters "I. H." was entirely innocent, and, if a purchaser construed these letters to mean "Indian Head," it was an unfortunate blunder for which they were not responsible.

The explanation offered by appellees for their use of the letters "I. H." borders upon the ridiculous. They claim that their salesman had, for his own purposes used the initials "I. H." to designate cloth having a weight of 2.25 and 2.50 to distinguish cloths weighing 2.25 and 2.50 from other weights.

The affidavits of others, not interested in the litigation and in no way connected with either party, was to the effect that, before receiving the letters, they were called on the telephone by appellees and asked whether they were in the market for *"Indian Head"* tablecloths or napkins. Aside from this testimony, we would have no hesitancy in rejecting as incredulous the explanation offered by appellees for their use of the letters "I. H." In view of the extensive use of the trade-name "Indian Head" as applied to napkins and tablecloths, appellees' adoption of the letters "I. H." is persuasive of something more than mere coincidence. Appellees' proffered explanation overtaxes our credulity. The affidavits of disinterested outside parties remove all doubt.

Appellees' argument that no one would be deceived because the purchasers were well acquainted with the "Indian Head" trade-name and the marks of identification which appellant placed on all its goods is refuted by the record before us.

Nor can we accept appellees' contention that the District Court's ruling involved merely an exercise of discretion which will not be disturbed on appeal, save in rare instances.

Appellant's right to appeal from a denial of a temporary injunction is a statutory one. This right of the litigant imposes an obligation on the appellate court to examine the record and determine for itself whether the right to injunctive relief so clearly appears that reversible error was committed in its refusal. This duty to thus examine the record cannot be avoided or evaded by the specious argument that the granting or refusal of the injunction is a matter that called for the exercise of discretion on the part of the District Judge.

Where all the evidence consists of affidavits, pleadings, and exhibits, this court is in the same position as the District Court to make deductions and conclusions. Where the material fact, determinative of applicant's right to relief is disputed, the District Court's ruling will not, of course, ordinarily be disturbed. But, where the right to relief turns upon certain exhibits or documentary proof, as in Elbers et al. v. Chicago Printed String Co., 39 F.(2d) 315, this court must examine the exhibits and determine their effect. So here the right to relief turns largely on the effect of the letters "I. H." as used by appellees in the letter to the prospective customer. The writing of this letter is not denied. In the light of the admitted facts, we cannot accept the view of counsel that their use might possibly have been innocent.

The order appealed from is reversed, with direction to enter one in accordance with these views.