## ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA v. TRIPP.

### No. 700.

Circuit Court of Appeals, Tenth Circuit.
Jan. 14, 1933.

Benjamin Griffith, of Denver, Colo. (Archibald A. Lee, of Denver, Colo., and E. W. Dillon, of Columbus, Ohio, on the brief), for appellant.

Cecil M. Draper, of Denver, Colo. (F. Randall Olmsted, of Denver, Colo., on the brief), for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

McDERMOTT, Circuit Judge.

Appellant issued an insurance certificate to Philip Tripp, the husband of appellee, by the terms of which it agreed to pay to appellee $6,300 in event of the accidental death of her husband. Tripp was killed in an automobile accident; appellant declined to pay, and this action followed. The defense is founded upon a section of the constitution and by-laws of the order, incorporated in the insurance certificate by reference, which provides that the order shall not be liable for any "death, disability or loss of time resulting from violation of any law * * * nor resulting from an accident to a member who is in any degree under the influence or in consequence of having been under the influence of intoxicating liquor, alcohol or narcotics." The answer alleged: (1) That the insured was killed as a result of driving an automobile when under the influence of liquor, in violation of section 21—2160, Rev. Stat. Kansas 1923; (2) and as a result of driving in excess of 25 miles per hour in violation of Ordinance No. 10—376 of the city of Wichita; and (3) that he was under the influence of liquor at the time of the accident. The jury found for appellee, and this appeal brings up for review the correctness of rulings on the admission of testimony, the fairness of certain comment on the testimony, and the failure of the trial court to direct a verdict.

The accident occurred about 5 o'clock in the afternoon on a well-traveled street in Wichita. It is conceded that insured and Zimmerman, his companion, were drinking alcohol about noon, and that the car ran amuck at the moment of the accident. The other circumstances are in dispute. Two reputable and disinterested witnesses testified that the insured turned a corner at from 35 to 50 miles an hour, struck a car going in the same direction, careened down the street and struck another car, then onto the curb and into a tree, bounced back into the street, then back onto the curb and into another tree. Zimmerman, testifying for appellee, denied that they turned the corner at all; he testified while driving straight north, at a moderate and lawful speed, they undertook to pass the first car on a wet pavement, cut in too close, and were thrown by the impact over the curb.

The certificate sued on does not cover death "resulting from" a violation of the ordinance or statute. Nor can there be a recovery if an accident occurs to a member who is at the time under the influence of liquor in any degree; the latter clause deals with the condition of the member, and not the cause of the accident. Order of United Commercial Travelers of America v. Greer (C. C. A. 10) 43 F.(2d) 499. Whether the insured was intoxicated at the time of the accident was the important question at the trial. Error is assigned because the trial court excluded competent and material evidence bearing on that issue.

One of appellant's principal witnesses on this pivotal point was a bell boy, 30 years of age, at a hotel in Wichita. His testimony was adduced by deposition, taken by a stipulation of the parties which provided that: "Said depositions might be read in evidence by either party, subject only to objection as to the competency, materiality or relevancy of the testimony set forth therein." Both sides appeared, and the inquiry of the witness was by oral interrogatories. At the trial, counsel for appellee interposed many objections to the form of the questions or to the answers; that they were leading, called for conclusions, or that the answers were unresponsive. Many of these objections were sustained, and thereby much relevant evidence excluded. In this there was error. The parties stipulated that objections to competency, relevancy, and materiality only should be made at the trial. The trial court's attention apparently was not called to the stipulation until after many of the rulings were made; but counsel who made the unwarranted objections knew of it. But aside from the stipulation, the better rule is that where depositions are taken on oral interrogatories, with both parties represented, objections that go to the form of the question or the answer

must be made while the deposition is being taken. A deposition is taken in furtherance of the object of the trial, to elicit the material facts bearing upon the issues; if a question or answer is objectionable only in form, the objection must be interposed while the opportunity exists to correct it; counsel may not lie in wait and exclude material evidence by an objection to form made at the trial, when it is too late to remedy the defect. In the absence of an applicable state statute, the decisions of the United States courts are controlling. De Soto Motor Corporation v. Stewart (C. C. A. 10) 62 F.(2d) 914. In York Mfg. Company v. Illinois Central Railroad Co., 3 Wall. 107, 113, 18 L. Ed. 170, Mr. Justice Field said: "The deposition was taken upon a commission, and in such cases the general rule is, that all objections of a formal character, and such as might have been obviated if urged on the examination of the witness, must be raised at such examination, or upon motion to suppress the deposition. The rule may be different in some State courts; but this rule is more likely than any other to prevent surprise and secure the ends of justice."

In Howard v. Stillwell & Bierce Mfg. Co., 139 U. S. 199, 205, 11 S. Ct. 500, 502, 35 L. Ed. 147, the court dealt with objections to the form of a deposition and the manner of taking it, as follows: "It is the settled rule of this court that the failure of a party to note objections to depositions of the kind in question, when they are taken, or to present them by a motion to suppress, or by some other notice before the trial is begun, will be held to be a waiver of the objections. Whilst the law requires due diligence in both parties, it will not permit one of them to be entrapped by the acquiescence of the opposite party in an informality which he springs during the progress of the trial, when it is not possible to retake the deposition."

Dean Wigmore states the rule, fortified by the citation of cases from many jurisdictions, as follows: "Objections to the *procedure* of taking and the *form* of the document must be made before trial; so also objections to the manner of the *interrogatories,* for example, as improperly leading the deponent, or to the manner of the answers, as being insufficient or irresponsive. On the other hand, objections to the *materiality* or *relevancy* of particular facts need not be made until the trial. The *disqualification* of a witness is sometimes removable by the party, sometimes not; and hence some Courts are found insisting on the objection before trial, others not; the truth

is that it must depend on the nature of the disqualification. So, too, of the *auxiliary rules,* such as the production of a documentary original, or its authentication; in so far as these objections may be curable, in the interval before trial, they should be made before trial." Wigmore on Evidence (2d Ed.) vol. I, p. 177.

See, to the same general effect, Shutte v. Thompson, 15 Wall. 151, 161, 21 L. Ed. 123; Doane v. Glenn, 21 Wall. 33, 35, 22 L. Ed. 476; Beatty Brokerage Co. v. Gulf, C. & S. F. R. Co. (C. C. A. 5) 17 F. (2d) 480.

Circumstances may arise that require a relaxation of the rule, but none such is present here. When counsel for appellee, present when the deposition was taken, failed to object to the form of question or answer at the time, such objection must be treated as waived.

 Other evidence was excluded as immaterial which we think should have been admitted. The bell boy testified that when he carried cracked ice to the room, Tripp and Zimmerman were pouring something that smelled and looked like alcohol into glasses. They asked him to have a drink; this was stricken as immaterial. It has some probative force as to the beverage in the bottle; the reasonable inference is they were offering him a drink of liquor, and not medicine. On a second trip to the room, the bell boy's answer that they were "a little loud—louder than before, in their conversation" was stricken. Also the fact that Tripp was swearing loudly in the lobby with ladies present, was excluded. This is not an unusual symptom of increasing intoxication, and should have been admitted. The testimony that when Tripp started to drive away from the hotel, he had some trouble in getting his car away from the curb, and "zigzagged so," was stricken as not responsive. Inquiry as to a bottle on the person of Tripp or Zimmerman at the time of the accident was excluded; it was one of the circumstances that attended the accident, and was admissible. Without attempt at detailing all of the excluded evidence, it will suffice to say that proof of any circumstance tending to show that Tripp was intoxicated at the time of the accident was admissible; and the inquiry should not be limited to the precise moment of the accident, for it is a matter of common knowledge that it takes some time for intoxication to wax and wane.

 Error is assigned because the trial court excluded the records of the police court of Wichita disclosing that Zimmerman was

charged with drunkenness on the day of the accident and subsequently paid a fine therefor. The court properly excluded evidence that Zimmerman was charged with drunkenness. Coulston v. United States (C. C. A. 10) 51 F.(2d) 178. When Zimmerman took the stand he denied categorically that either he or Tripp was drunk at the time of the accident. On cross-examination it was proper to ask him if he had not stated, outside of court, that he was drunk on that occasion. If he denies making such statements, proof thereof is admissible, because the question is not as to collateral matters. Zimmerman's condition bore directly upon his ability accurately to observe the happenings to which he testified, and also upon his statement that neither he nor Tripp had had a drink since noon. That such a statement was made to the police judge, or took the form of a plea of guilty, does not render it inadmissible; but it is Zimmerman's statement or admission, and not the charge against him or the record of the outcome of the trial, that is admissible. We do not find that the court excluded any offer of evidence as to any such statement or admission.

Error is also assigned on account of the drastic comment of the court as to the testimony of the bell boy, who testified by deposition. He testified that on his first trip to the room he saw a quart bottle; he then testified to a second trip, and was asked: "Did you see this quart bottle when you were up there the second time?" The answer was, "No, sir. I saw a pint bottle that time; the same one I saw about five o'clock—later." Whereupon the court said: "It is very evident that this bell boy was prejudiced, and trying to state a lot of things without any reason, all being stricken. He is not an impartial witness." In his charge to the jury, the court said: "The evidence of the bell boy in my opinion should be considered rather carefully before it is believed. He was very anxious to tell a story, and made some statements which apparently he could not have had the means of knowing what he was talking about. He was very positive there was alcohol in the bottle but that is based manifestly upon the mere fact he saw this bottle. He did not bring it to the room, did not handle it, did not taste it, yet it may be that he was able to tell it was alcohol; I don't know. That is for you gentlemen to say."

The right fairly to analyze the evidence of both sides, and to assist the jury by fair comment, is an inseparable and valuable attribute of trial by jury. If there is reason therefor, the trial court may point out to the jury the bias or prejudice of a witness, although ordinarily the jury are quite apt to detect, without assistance, bias which colors testimony. In this case, the testimony was by deposition; we see no evidence of prejudice in the answers of the witness. Munro v. Smith (C. C. A. 1) 259 F. 1; Nashua Mfg. Co. v. Berenzweig (C. C. A. 7) 39 F.(2d) 896. It is a most natural thing, in court and out, to anticipate the next question. The ordinary person, when asked if he was in town Wednesday, will answer, "No, on Tuesday." This human tendency to get ahead of the examiner will not support the strictures on this testimony. The comment in the charge overlooked the fact that the witness testified that he smelled the alcohol in a closed room; that his senses did not deceive him was shown when Zimmerman admitted that he and Tripp were drinking alcohol when the young man was in the room. His whole testimony is corroborated in part by Zimmerman, and in part by the witnesses who testify to a car driven at breakneck speed around corners, crashing into cars and trees and curbstones. There being nothing upon which to base the criticism of the witness, the comment crossed the border line of fairness. Minner v. United States (C. C. A. 10) 57 F.(2d) 506; Leslie v. United States (C. C. A. 10) 43 F.(2d) 288; Lewis v. United States (C. C. A. 8) 8 F.(2d) 849; Beaumont v. Beaumont (C. C. A. 3) 152 F. 55; Starr v. United States, 153 U. S. 614, 14 S. Ct. 919, 38 L. Ed. 841.

Error is assigned because the court denied appellant's motion for an instructed verdict. While the greater weight of the evidence supports the conclusion that Tripp was intoxicated at the time of the accident, there is nothing inherently improbable in Zimmerman's version of the affair. There is, however, no necessity for ruling upon the point, since we are without power to do more than grant a new trial, Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029, and the evidence upon the new trial may be different, or a different verdict be returned.

The judgment will be reversed and remanded for a new trial.

Reversed.