77 So.2d 454 (1955)
FEDERAL INSURANCE COMPANY, a corporation, Appellant,
v.
W.G. McNICHOLS, Appellee.
Supreme Court of Florida. Division A.
January 21, 1955.
Fowler, White, Gillen, Yancey & Humkey, Tampa, for appellant.
McLean & McLean, Tampa, for appellee.
TERRELL, Justice.
W.G. McNichols, appellee, secured a final judgment in an action for damages against R.B. Rocker, doing business as Rocker Flying Service. Writ of execution was issued from said judgment and returned nulla bona. McNichols tendered his affidavit as required by statute and writ of garnishment was directed to United States Guarantee Corporation, the insurance carrier for Rocker. The garnishee answered and traverse was entered, presenting the issues. At final hearing judgment was entered against the garnishee, appellant, from which this appeal was prosecuted.
It is agreed that the point for determination is whether or not the damage sustained by the plaintiff, alleged to have been caused by the negligence of the insured, was of the character protected by the terms of the insurance policy.
Rocker was engaged in the business of commercial flying, a portion of which was crop dusting. He entered into a contract with the Health Department of Hillsborough County to do some airplane spraying *455 in furtherance of its mosquito control program. Under this contract the Health Department furnished a solution for spraying known as "DDT" and Rocker agreed to spray only such areas as were designated by the Health Department. Rocker sprayed the "DDT" on pools owned by McNichols in areas beyond those designated by the Health Department and killed McNichols' tropical fish, for which he secured the judgment heretofore referred to.
The policy in question insures damages for personal injury and property damage caused by negligence of the insured while engaged in commercial flying, but contained the following exceptions:
"The insurance afforded by this policy shall not apply with respect to any injury or damage to persons or property when such injury or damage is caused directly or indirectly by chemicals or dusting powder."
We have examined the policy as a whole and cannot escape the conclusion that it does not protect against injury caused from "DDT". McNichols appears to have suffered damage in the loss of his tropical fish but his loss was one not covered by the policy. The damage, in other words, was one embraced within the exclusion clause.
In this holding we do not overlook the contention of appellee as to Paragraph II, Page 2, Paragraph III, Page 2, and other provisions of the policy but these are followed by the quoted exclusion provision which was designed for no purpose but to eliminate damage caused from spraying with "chemicals" which includes "DDT", particularly in areas where the pilot was directed not to spray.
We are aware of the general rule that if uncertainty is present in a policy it should be construed against the insurer. Here, however, the language in the policy is sufficiently plain and unambiguous and therefore there is no occasion to apply this strict rule of construction. Rigel v. National Casualty Company, Fla., 76 So.2d 285.
The judgment appealed from is accordingly reversed with directions to enter judgment in favor of the garnishee.
Reversed with directions.
MATHEWS, C.J., and SEBRING and ROBERTS, JJ., concur.