243 So.2d 894 (1971)
Alma YOUNG, Plaintiff-Appellant,
v.
ALL AMERICAN ASSURANCE COMPANY, Defendant-Appellee.
No. 3289.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1971.
Rehearing Denied February 24, 1971.
*895 A. Bruce Rozas, Daniel J. McGee, J. Daniel Rivette, Mamou, and Andrew Vidrine, Church Point, by A. Bruce Rozas, Mamou, for plaintiff-appellant.
Watson, Blanche, Tirlson, Posner & Thibaut, by John S. Thibaut, Jr., Baton Rouge, for defendant-appellee.
Before SAVOY, HOOD and DOMENGEAUX, JJ.
SAVOY, Judge.
Plaintiff filed suit as beneficiary under a travel and accident certificate issued to her son, Russell Young, who was killed in a one car accident on October 18, 1969. The certificate had been issued to American Motor Club, Inc., pursuant to a master policy held by that club with defendant.
After the death of Russell, demand was made upon defendant to pay the benefits under the certificate in the sum of $1,500.00. Defendant filed an answer denying liability because of the following exclusionary clause of the certificate, namely, Exception No. 4, to-wit:
"Exceptions.
"This certificate does not cover accidents, injury, death, disability or other loss caused or contributed to directly or indirectly, wholly or partly:
"(4) While under the influence of alcohol or under the influence of narcotics unless administered on the advice of a physician."
After a trial on the merits, the trial judge, without assigning written reasons, rejected the demands of plaintiff and dismissed her suit. Plaintiff appealed.
At the trial of the case counsel for plaintiff objected to evidence by defendant tending to show use of intoxicants by Russell Young because defendant did not plead an affirmative defense.
In its answer defendant stated, "Defendant specifically denies coverage under the policy in question because the insured violated Exception No. 4 * * *", and then set forth the exception which has been referred to heretofore. The trial judge overruled the objection. We agree. The defendant's answer was sufficient to place plaintiff on notice; particularly in view of the interrogatories propounded in writing to plaintiff, and the answers thereto.
Counsel for both parties rely on the case of Matthews v. All American Assurance *896 Company, 226 So.2d 181 (La.App. 3 Cir. 1969), decided by this Court.
The same defendant in the instant case was the defendant in Matthews, supra. The policies were similar except in Matthews the exclusionary clause denied liability if the insured died while intoxicated; whereas in the instant case the phrase used is "while under the influence of alcohol". In Matthews, supra, the deceased was driving a pick-up truck at about 8:30 P.M., March 20, 1967, and he was killed instantly when he failed to negotiate a curve and went straight off the highway, across a ditch and embankment into a field. After the accident a blood sample was taken from the deceased for purposes of testing the percentage of alcohol in the blood at the time Matthews died. The parties stipulated that the Parish Coroner took the blood sample, and it was examined by the Crime Laboratory in Baton Rouge. The chemist who performed the test, Paul L. Kolb, Jr., testified the blood contained .29% alcohol by weight. Dr. Villien, the Coroner who took the blood sample shortly after Matthews' death, testified that most authorities consider .15% sufficient for intoxication; and he considered .29% as showing intoxication. Plaintiff made a demand for payment of the policy. The defendant refused to pay. Plaintiff sued. Defendant relied on the exclusionary clause in which recovery would be denied if the death was caused or contributed to directly or indirectly, wholly or partly, while intoxicated. Plaintiff introduced several witnesses to show that the deceased was not intoxicated between 1:30 P.M. and 8:00 P.M. on the date of the accident. After a trial on the merits, the district court granted judgment in favor of plaintiff. We reversed. We stated that the Louisiana Insurance Code which permitted such policies to exclude any loss sustained because of the insured being intoxicated did not define intoxication. We held as follows:
"* * * `We will apply the definition established by our jurisprudence in negligence cases. In order to prove that one is incapable of operating a motor vehicle by reason of intoxication, it need not be shown that he was drunk, but only that he had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties. See Jones v. Continental Casualty Company of Chicago, 246 La. 921, 169 So.2d 50 (1964) and the cases cited therein.

* * * * * *
"It is apparent the trial judge gave more weight to plaintiffs' lay witnesses than to the testimony of defendants' experts concerning the blood test. We cannot agree.
"We find no case from our appellate courts which specifically discusses the weight to be given expert testimony regarding blood alcohol tests. However, the general rule should apply. Expert testimony as to such tests is not conclusive. The weight to which it is entitled depends on the witnesses' training, experience, possible bias and opportunity for observation. Also important are his logic, reasoning and the basis for his opinion, such as the tests involved here. Town of Slidell v. Temple, 155 So.2d 681 (La.App. 1st Cir. 1963); Austin v. Industrial Lumber Company, La.App., 8 So.2d 727; Nixon v. Pittsburg Plate Glass Company, La.App., 161 So.2d 361. See also 32 C.J.S. Verbo Evidence § 588 (2) which discusses blood alcohol tests generally.
"In the present case there is no evidence discrediting the expert witnesses or the test itself. It was stipulated that the blood taken from the decedent was the same that was tested. The chemist who made the test testified it showed .29% of alcohol by weight in the blood. No evidence was introduced by plaintiffs to dispute the results of the test nor to contradict the opinions of the experts as to its interpretation."
Counsel for plaintiff objected to any evidence as to the results of the blood test in the instant case, which showed .25%, for *897 the reason that defendant did not show an unbroken chain of events from the time the blood sample was taken by the Parish Coroner until it was examined at the Crime Laboratory in Baton Rouge, Louisiana. The district judge overruled the objection.
The record reveals the following sequence of events in connection with the blood sample and subsequent test.
1. Dr. Robert McManus drew a red top vacutainer tube of blood from Russell Young at a funeral home in Rayne, Louisiana. Adhesive tape was placed on the tube to seal it. He placed his signature on the tape. At the trial he identified the tube and writing on it to be his. He then delivered the tube to State Trooper Bourgeois at the Sheriff's Office at Crowley, Louisiana.
2. Trooper Bourgeois received the tube from Dr. McManus at Crowley, Louisiana. The vial of blood or tube had a bandage across the top with Russell Young's name written on the tape. He placed the tube in a white envelope, sealed it, and took it to State Police Headquarters in Lafayette, Louisiana, where he placed it in the refrigerator.
3. State Policeman Reggie LeDoux took the envelope from the refrigerator at Headquarters in Lafayette and personally delivered it to the State Police Crime Laboratory in Baton Rouge, Louisiana.
4. Paul Cobb, chemist at the Crime Laboratory, received a white sealed envelope, and it contained the tube as being the blood of Russell Young, which he analyzed. He found the blood to contain.25% alcohol.
Plaintiff presented several witnesses who testified that while Young had been drinking alcoholic beverages the night before the accident, on the date of the accident he had not had anything to drink. These witnesses were close relatives and friends of the decedent, and it is apparent that the trial judge placed little weight on their testimony in view of the strong evidence of intoxication as shown by the blood test. He observed and heard them first-hand, and we cannot say that he is manifestly erroneous in disregarding their testimony.
We are of the opinion that a proper foundation or chain of evidence has been established, and that the district court properly admitted the laboratory report and testimony in connection with the laboratory report.
The only expert in the case, the Parish Coroner, testified that in his opinion anyone having a blood alcohol reading of .25% would be intoxicated and unable to drive a vehicle in a safe manner.
We also agree with the trial judge that at the time of his death Russell Young was intoxicated.
The evidence reveals that the automobile which Russell Young was driving, while exiting a curve to its left, strayed from the highway towards the right, proceeded to cross the highway, and then overturned causing the driver fatal injuries.
We are of the opinion that the exclusionary section of the policy bars plaintiff from recovery.
For the reasons assigned the judgment of the district court is affirmed. Costs of appeal are assessed against plaintiff.
Affirmed.