305 So.2d 84 (1974)
Nelson A. STINCHOMB, Appellant,
v.
MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellee.
No. 74-161.
District Court of Appeal of Florida, Second District.
December 4, 1974.
Rehearing Denied January 13, 1975.
George J. Adler, Meyers, Mooney & Adler, Orlando, for appellant.
Calvin J. Faucett, and Gurney, Gurney & Handley, Orlando, for appellee.
GRIMES, Judge.
This is an appeal from a summary judgment denying appellant's claim to accidental dismemberment benefits under a group insurance policy issued by appellee.
The pertinent portions of the policy are as follows:
"The insured losses are any of the following that may occur during the 90 *85 days following the date of the accident causing the bodily injuries:
Loss of
* * * * * *
One Hand or One Foot
* * * * * *
Loss of a hand or foot means actual severance at or above the wrist or ankle joint, ..."
Appellant accidentally suffered a compound fracture of the leg. By reason of foreign material which had been ground into the wound, the leg became infected. The bones were properly aligned, but no union of the bones occurred. It became evident that union could not be expected and that appellant would continue to have chronic infection. Finally, two separate amputations were performed on appellant's leg, the first occurring 163 days after the accident. On these undisputed facts, the lower court concluded that appellant could not recover by reason of the above quoted provisions of the policy.
Provisions such as these are common in accident policies. While there is no controlling case in Florida, there have been a number of decisions throughout the United States construing similar policies. The weight of authority favors appellee. 39 A.L.R.3d 1311. It should be noted that no court has held this type of provision to be against public policy. See 39 A.L.R.3d 1311 at page 1313.
Appellant argues ambiguity in the policy language. Thus, he suggests that the word "may" appearing in the first paragraph should be contrasted with the word "shall," so as to favor a construction which would include a situation where an amputation might have occurred within the ninety day period but which, for legitimate reasons, was postponed until a time beyond the period. To the contrary, we read the word "may" as referring to a contingency, the occurrence of which will bring the coverage into play. To adopt appellant's reasoning would result in the conclusion that coverage would exist either where the loss "may" occur within ninety days or where it "may not" court within ninety days.
Appellant further contends that the loss of the foot as defined in the policy actually occurred at the time it became apparent that the amputation would be necessary even though the operation took place after the ninety day period had run. Were it not for the fact that loss of a hand or foot is defined in the policy as "actual severance," a reasonable argument could be made that the loss of a hand or foot could include a constructive or functional loss. However, we believe the words "actual severance" mean what they say; that is, where the member is actually severed from the rest of the body. If the language in an insurance policy is sufficiently plain and unambiguous, there is no occasion to apply the rule of construction which requires ambiguities to be construed against the insurer. Federal Insurance Company v. W.G. McNichols, Fla. 1955, 77 So.2d 454. The language of this policy clearly dictates the result obtained in the lower court.
We cannot blame appellant and his doctor for having delayed the amputation in the vain hope that the leg might be saved. Unfortunately, the policy did not provide for such a circumstance. Since the foot was not amputated within the ninety day period, there was no coverage.
The judgment is affirmed.
McNULTY, C.J., and OVERSTREET, MURRAY W., Associate Judge, concur.