309 So.2d 237 (1975)
L.B. OLIVER, Appellant,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY et al., Appellees.
No. 74-631.
District Court of Appeal of Florida, Second District.
March 7, 1975.
Rehearing Denied March 31, 1975.
Allan M. Parvey, of Goldberg, Rubinstein & Buckley, Fort Myers, for appellant.
William T. Haverfield, II, and William H. Shields, of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellee U.S. Fid. & Guaranty Co.
BOARDMAN, Judge.
This case involves a question of liability coverage under a policy of garage insurance. It is our view that the trial court erred in holding that the appellant/plaintiff, L.B. Oliver (Oliver), was not entitled to coverage as an insured under the policy. We reverse for the reasons hereinafter reflected.
The question presented to us boils down to an interpretation and construction of the provisions of the policy. The policy, which included liability coverage for bodily injury arising out of garage operations, stated:
IV PERSONS INSURED
Each of the following is an Insured under this insurance to the extent set forth below:
* * * * * *
(3) with respect to the automobile hazard:
(a) any person while using, with the permission of the Named Insured, any *238 automobile to which the insurance applies under the automobile hazard, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading of an automobile, such person shall be an Insured only if he is:
(i) a borrower of the automobile, or
(ii) a partner, member or employee of the Named Insured or of such borrower;
(b) any other person or organization but only with respect to his or its liability because of acts or omissions of the Named Insured or an Insured under (a) above.
None of the following is an Insured:
(iii) any person or organization, other than the Named Insured, with respect to any automobile
(a) owned by such person or organization or by a member (other than the Named Insured) of the same household or... .
There is no dispute as to the facts and are briefly summarized. Appellee/defendant, United States Fidelity & Guaranty Company (United), issued the policy of insurance to appellee/defendant, Valet Auto Service, Inc. (Valet). Oliver entrusted his automobile to Valet for the purpose of parking while he attended the dog races at the Sarasota Dog Track. Monetary consideration was paid Valet for this service. While his vehicle was being returned to him at the end of his stay at the race track and being operated by an employee of Valet, the automobile ran into a pedestrian, appellee, Armand R. DeFrancisco (DeFrancisco), causing him serious bodily injuries. DeFrancisco was the principal stockholder and officer and employee of Valet. United received notice of the accident and DeFrancisco made demand upon United for payment of liability benefits for the injuries he received. This demand was rejected by United. DeFrancisco then filed suit against Oliver. United was called upon to defend that action but did not do so. A default was entered against Oliver in that action and, subsequently, a final judgment was entered against him in favor of DeFrancisco in the amount of $65,000, plus cost.
In this present action, Oliver filed suit in the Circuit Court of Lee County, Florida, against United, Valet and DeFrancisco in which he sought to require United to satisfy the judgment that had been entered against him in the prior action. United filed its answer to the complaint and denied, inter alia, that Oliver was an insured person under the policy. Upon completion of discovery, Oliver and United moved for summary judgment. Summary and final judgments were entered in favor of United. Oliver filed this timely appeal.
After reading the pertinent provisions of the policy, we cannot agree with the contention of United that Oliver is not afforded coverage as an insured under the policy. To paraphrase a well known saying, the small print giveth, and the small print taketh away. As defined in paragraph IV(3)(a), Valet's driver was an insured. Therefore, Oliver was an insured under paragraph IV(3)(b) because his liability occurred as a result of the acts of Valet's driver. On the other hand, Oliver is excluded from coverage under paragraph IV(iii)(a) because he owned the automobile involved in the accident and he was not the named insured.
We submit that the language of these paragraphs is hopelessly irreconcilable and inconsistent with each other. In such circumstances, courts have adopted the construction which provides the most coverage. See Government Employees Ins. Co. v. Sweet, Fla.App.4th, 1966, 186 So.2d 95. It is a well-settled axiom that ambiguities in an insurance policy are to be construed against the insurer. Federal Ins. Co. v. McNichols, Fla. 1955, 77 So.2d 454.
*239 The terms and provisions of the policy in question were drafted and selected by United, not Oliver or this court. Had United so intended, Valet could have been named as the only insured under the policy, in which event there would not have been an ambiguity and Oliver could not have been deemed to be an insured person under the policy.
Additionally, United contends that Oliver cannot be considered an insured person because of an additional paragraph which provides:
None of the following is an insured:
* * * * * *
(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment... .
We cannot agree for we find that the provisions of this paragraph of the policy are simply inapplicable to the question presented to us. The record clearly discloses that Oliver is not an employee of Valet and, consequently, is not a fellow servant of DeFrancisco, or the driver of Oliver's automobile at the time pertinent.
We have no quarrel with the law pronounced in the cases cited by United in its well prepared brief; however, after careful reading, we do not believe that it is persuasive in aiding the court in deciding the precise question at hand, i.e., whether Oliver had coverage as an uninsured person under the terms and provisions of the policy.
Accordingly, the final judgment appealed should be and is hereby reversed and the cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
HOBSON, A.C.J. and GRIMES, J., concur.