MILLER, Judge.
Plaintiff Mrs. Janie D. Tyler appeals the judgment dismissing her claim against defendant American Home Assurance Corporation for $10,000 in death benefits under an accidental death policy covering her deceased husband. We affirm.
The trial court assigned well supported written reasons for concluding that Mrs. Tyler’s deceased husband was intoxicated when he drove his car into a curve, crossed the yellow line and entered the oncoming traffic lane to strike the left rear portion of an oncoming 18 wheel truck and trailer; that he died as a result of these injuries; that he had consumed five bourbon and coke drinks during a two hour period immediately before the accident; that a test of his blood alcohol content was timely run and registered .228 gram percent of alcohol; and that the accidental death policy provided no coverage to the insured for injuries sustained while intoxicated.
Plaintiff Tyler contends the facts of this case are similar to those presented in Ray v. Superior Iron Works, etc., 284 So.2d 140 (La.App. 3 Cir.1973), and we should follow that decision. We distinguish that ease on the facts. The Ray case was a workmen’s compensation claim and the court based its reversal on “the liberal nature of the workmen’s compensation law.” The court was concerned about the fact that claimant’s employer forced him to attend the party where intoxicating liquors were freely distributed and he was encouraged to indulge. *920 284 So.2d 140 at 146. Furthermore claimant’s testimony raised an issue of fact as to whether claimant’s intoxication was the cause of the accident. The majority in Ray did not consider or distinguish Matthews v. All American Assurance Company, 226 So.2d 181 (La.App. 3 Cir.1969) or Young v. All American Assurance Company, 243 So.2d 894 (La.App. 3 Cir.1971). Although there was a dissent in the Ray case, the dissent did not cite either Matthews or Young, neither of which involved a workmen’s compensation claim but both of which, insofar as they were relevant, supported the dissent.
This court’s latest expression on the precise issue presented here is set forth in Richard v. American Home Assurance Company, 318 So.2d 613 (La.App. 3 Cir.1975), where we followed the Matthews and Young cases. We were not asked to distinguish the Ray case.
There is no manifest error in the trial court’s factual conclusions; the Richard decision was properly cited and followed. The trial court judgment is affirmed at appellant’s costs.
AFFIRMED.