LETTS, Judge.
This appeal arises from a summary judgment upholding the denial, by two insurance companies, of accidental death benefits because the insured took 120 days from the date of the accident to die and the policy terms required death within 90 days. We affirm.
The appellant concedes that the present law in Florida, articulated by the Second District, would uphold such 90 day limitations. Stinchomb v. Mutual Life Insurance Company of New York, 305 So.2d 84 (Fla.2d DCA 1974), cert. den., 318 So.2d 402. In Stinchomb the facts involved a leg amputation which occurred some 73 days beyond the allowable 90 days. As that court said:
We cannot blame appellant and his doctor for having delayed the amputation in the vain hope the leg might be saved.
However, the court also said:
If the language in an insurance policy is sufficiently plain and unambiguous there *176 is no occasion to apply the rule of construction which requires ambiguities to be construed against the insurer.
In the case at bar, the language of the policies is likewise plain and unambiguous and while we do not like the result, we cannot strike down the clear terms of these contracts, unless they are void as being against public policy. We have sympathy for the proposition that one who buys a policy for accidental death, should get paid off if he dies from such an accident, regardless of the time he takes to do so, while fighting to save his life and, therefore, the Insurance Company’s money. Nevertheless these contracts are valid on their faces.
Appellant urges that such limitations are indeed against public policy because they inject into the “agonizing, difficult and delicate deliberations of the treating physicians and family of a mortally injured person, a potentially sinister economic factor suggesting nontreatment.” In plain language it is suggested that the family of the stricken victim might either “pull the plug”, or never plug it in, to get the insurance money. This argument is not without support in the law and two jurisdictions, Pennsylvania and New Jersey, have recently adopted this theory. See Burne v. Franklin Life Insurance Company, 451 Pa. 218, 301 A.2d 799 (1973), and Karl v. New York Life Insurance Company, 139 N.J.Super. 318, 353 A.2d 564 (1976).
Predictably the insurance companies argue that the policies are not against public policy because some bureaucrat in Tallahassee has approved the forms. We reject that theory. However, it is true that public policy considerations require of the state an affirmative duty to preserve life. Satz v. Abe Perlmutter, 363 So.2d 160 (Fla.4th DCA, Case No. 78-1486, Opinion filed September 13, 1978). Notwithstanding, there is no showing of any tendency on the part of the public to engage in murder or suicide in order to defeat the time limitations and collect on accident insurance. Accordingly, any change must come from the legislature. Even then, we suggest there would always have to be some time limitation, otherwise our already overcrowded courts will be further cluttered by claims that a football injury, of 20 years before, caused confinement to a wheelchair which, in turn, caused total failure of other vital organs. A line must be drawn somewhere.
We would stress that so far as the record reveals, we are not presented with an insured who, from the moment of his accidental misfortune, lay in a continuing coma or had his life maintained solely by reason of some mechanical device. The record reveals only that the appellant was involved in an accident which it is admitted he died of 120 days later. From such a record, the cause must be affirmed.
AFFIRMED.
MOORE and BERANEK, JJ., concur.