COBB, Judge.
Loyce Neel was a carpenter, employed by Gold Coast Forms, Inc., working on a condominium building. At the same building project, Connie May was operating a crane owed by Dick’s Crane Service, Inc. (Dick’s Crane). The crane was lifting a precast form up to the fourth floor of the condominium building, where Neel was to guide it into place. While gripping the form, Neel fell to the ground. He subsequently sued Dick’s Crane for his injuries.
Dick’s Crane Service, Inc. was insured by American States Insurance Company (American States) and requested it to defend the case. American States refused on the ground that their policy did not provide coverage for this incident. Both parties moved for summary judgment on the third party complaint. The trial court found that the policy of insurance issued by American States did not expressly exclude the truck crane from coverage, and entered summary judgment on the third party complaint in favor of Dick’s Crane. It is this order that American States is appealing.
The liability portion of the policy defined an “automobile” as:
A land motor vehicle, trailer or semi-trailer, designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment.
The policy further defined “mobile equipment” in part as:
A land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, ... which is designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part • of or permanently attached to such vehicle: power cranes....
The above definitions clearly exclude cranes from liability coverage under the policy. Therefore, the trial court was incorrect in finding that cranes were not *444 expressly excluded from the liability portion of the policy. Without more, we would reverse the trial court’s final order on the coverage question in favor of Dick’s Crane and order the trial court to grant American States’ motion for summary judgment on that question. However, the schedules page of the policy showed that Dick’s Crane was paying a premium of $178.00 for bodily injury liability coverage for the PH truck crane that was the vehicle involved in this accident. Inexplicably, neither party pointed this fact out or discussed it on appeal. Nevertheless, there is apparently a conflict between the schedules page of the policy and the definitions of covered vehicles in the liability portion of the policy. Ordinarily, such conflicts are resolved in favor of the insured. Rucks v. Old Republic Life Insurance Company, 345 So.2d 795 (Fla. 4th DCA 1977); Oliver v. United States Fidelity and Guaranty Company, 309 So.2d 237 (Fla. 2d DCA 1975), cert. denied, 322 So.2d 913 (Fla.1975). Thus, we have considered the possibility of an affirmance of the summary judgment under the rationale of Landers v. Milton, 370 So.2d 368 (Fla.1979). However, due to the unresolved inferences available in the record before us, we feel that such an affirmance would not be proper. Accordingly, we reverse the trial court’s summary judgment in favor of Dick’s Crane on the coverage issue and remand this case to the trial court for further proceedings consistent with this opinion, which well may dictate the entry of a summary judgment for one party or the other upon clarification of the indicated conflict.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.