416 So.2d 867 (1982)
Vardit M. SASLOE, Appellant,
v.
HOME LIFE INSURANCE COMPANY, NEW YORK, a Foreign Corporation, Appellee.
No. 81-2261.
District Court of Appeal of Florida, Third District.
July 13, 1982.
Magill, Reid, Kuvin & Lewis and R. Fred Lewis, Miami, for appellant.
Dixon, Dixon, Hurst, Nicklaus & Webb and William R. Wicks, III, Miami, for appellee.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BARKDULL, Judge.
The named beneficiary of an insurance policy, appeals a final judgment entered pursuant to a directed verdict, at the close of all the evidence, in favor of the insurance company.
Vardit Sasloe filed suit seeking to recover the $10,000 accidental death benefit on a life insurance policy issued to Mark Sasloe. The insurance company denied that the benefit was due because Mark's death was the result of one or more specifically excluded risks. The policy provided, in part, that:
The Company does not assume the risk ... if death results directly or indirectly, *868 wholly or partly, from ... medicines; drugs; sedatives; ... [or] committing or attempting to commit a crime; ... .
The evidence at trial revealed that Mark Sasloe, died when the automobile he was driving struck a tree in the median of the road. An autopsy was performed by Dr. Wright. The autopsy revealed a low-level of alcohol and the presence of Methaqualone in the "lethal range" in the blood; Valium, Phentermine, Quinine, Benzoyle-conine, aspirin and a trace of cocaine were in the urine. Dr. Wright opined that Mark was intoxicated with Methaqualone and that his intoxication directly contributed to his death in that it caused the collision.
Other witnesses testified that Mark was speeding and driving erratically just prior to and at the time of the accident. An investigating officer could find no mechanical failures in the vehicle which would have contributed to the accident.
The evidence at the conclusion of the case amply demonstrated that the amount and type of drugs ingested by Mark Sasloe had a direct causal relationship with his death, or at least indirectly or partly contributed to his death.
Therefore, there was no liability under this policy. See and compare: Haines v. Southern Life and Health Insurance Company, 363 So.2d 175 (Fla. 4th DCA 1978); Stinchomb v. Mutual Life Insurance Company of New York, 305 So.2d 84 (Fla. 2d DCA 1974).
The cases relied upon by the appellant, [Harris v. Carolina Life Insurance Company, 233 So.2d 833 (Fla. 1970); Mason v. Life and Casualty Ins. Co. of Tennessee, 41 So.2d 153 (Fla. 1949); Mason v. Life and Casualty Insurance Company of Tennessee, 41 So.2d 155 (Fla. 1949)] are readily distinguishable; the Mason cases involved different policy language. In the Harris case, the insured was a passenger so his intoxication was unrelated to his accident.
The trial court was eminently correct in granting the directed verdict. Provident Life & Accident Ins. Co. v. Eaton, 84 F.2d 528 (4th Cir.1936); Order of United Commercial Travelers v. Tripp, 63 F.2d 37 (10th Cir.1933); Flannagan v. Provident Life & Accident Ins. Co., 22 F.2d 136 (4th Cir.1927); Tyler v. American Home Assurance Corporation, 337 So.2d 919 (La. App. 3rd Cir.1976); Richard v. American Home Assurance Company, 318 So.2d 613 (La. App. 3rd Cir.1975); Young v. All American Assurance Company, 243 So.2d 894 (La. App. 3d Cir.1971); Matthews v. All American Assurance Company, 226 So.2d 181 (La. App. 3d Cir.1969).
Therefore, the final judgment is affirmed.