No. 84-329

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

ELIZABETH L. POND,

   Plaintiff and Petitioner,

 -vs-

NORTH AMERICAN LIFE AND CASUALTY
COMPANY, a corporation,

   Defendant and Respondent.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

  For Petitioner:

    Cure, Borer & Davis; Gregory J. Hatley argued,
    Great Falls, Montana

  For Respondent:

    Jardine, Stephenson, Blewett & Weaver; Jack L.
    Lewis argued, Great Falls, Montana

---

      Submitted: March 14, 1985

       Decided: April 11, 1985

Filed:  APR 11 1985

      *Ethel M. Harrison*

        Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is a declaratory judgment action upon certification by the United States District Court, District of Montana, Great Falls Division, Honorable Paul G. Hatfield, that the question upon which adjudication is sought is controlling in federal litigation. This case originated in federal court as a dispute between an insurer and the beneficiary of an insured concerning whether the insured died in such a manner as to require coverage.

We find that coverage is required.

The respondent, North American Life and Casualty Company, is the insurer in a group policy made available to members of the National Rifle Association. The policy in issue here provided coverage for injuries "resulting directly and independently of all other causes" and excluded coverage for losses "caused by or resulting from disease of any kind." The petitioner, Elizabeth L. Pond, is the designated beneficiary of the deceased insured, Frank Pond.

While walking on a sidewalk in Logan, Utah, in September, 1981, the insured, Frank Pond, suddenly lost consciousness and fell. The back of his head struck the concrete sidewalk and he died as a result. An autopsy report listed his loss of consciousness as "a seizure/syncope of uncertain etiology." Cause of death was listed as "craniocerebral injuries." Frank Pond had a physical condition involving a propensity for losing consciousness. This was caused by several years of excessive indulgence in alcohol. Evidence at trial showed that the insured's

physical condition that caused his loss of consciousness would not have, in itself, caused this death.

The petitioner argues that coverage is required in this instance because an accident within policy coverage was the prime cause of death. It is argued that this case is within the ruling in Life Insurance Company of North America v. Evans (1981), 195 Mont. 242, 247, 637 P.2d 806, 808-809, in which this Court held, under a similar policy, recovery may be had even though a disease appears to have actually contributed to the cause of death as long as the accident sets in motion the chain of events leading to death, or if it is the prime or moving cause. Petitioner interprets this ruling as requiring coverage if an accident is the prime cause of death.

The respondent argues that no coverage can exist here because a pre-existing physical condition, the years of excessive indulgence in alcohol, caused the unconsciousness which set in motion the events that led to death. Respondent argues that Evans, 637 P.2d at 808-809, focuses on the triggering event--if the triggering event is accidental coverage is required.

Here, the insured was a policy holder of an insurance policy that would cover accidental injury including death. We find that the injury suffered by Frank Pond was an accidental injury within that meaning in the policy. The pre-existing condition that Frank Pond had--the propensity for losing consciousness--would not in itself have caused death. Death was caused by the insured's head hitting the concrete sidewalk. This accidental death was an injury within the meaning of the policy and is covered by the policy.

- 3 -

We hold that coverage is required.

_____
                    Justice

We Concur:

_____
            Chief Justice

_____

_____

_____

_____

_____
              Justices

- 4 -