STONE, Judge.
The beneficiary under an accidental death insurance policy appeals from a final summary judgment for the insurer. We reverse. The insured drowned when his car inexplicably rolled off the road and overturned into a canal. The insured at the time had a high blood alcohol level and had been taking tranquilizers. He had been drinking heavily for several months and had an alcohol problem. The insured was involved in a program treating him for depression, anxiety, and problems related to his alcohol abuse, and had been hospitalized for these in the week preceding his death.
The trial court entered judgment for the insurer on several affirmative defenses founded on certain condition and exclusion clauses in the policy which provided:
If an employee, while insured under this section, sustains accidental injuries evidenced by a visible wound or contusion on the exterior of the body (except in case of drowning or internal injuries revealed by an autopsy) and, as a direct result of such injuries and independently of all other causes he incurs, within 90 days following the date of the accident which caused such injuries, any of the losses set forth in the following Table of Benefits, the Company will, subject to the terms of the Group Policy, pay the following benefits to the employee, if living at the time payment is made, oth *717 erwise in accordance with the provisions of the Beneficiary section.
* * * * * #
EXCLUSIONS: No benefits are payable under this section for losses resulting from an accident occurring while not insured or resulting directly or indirectly from:
(a) bodily or mental infirmity; treatment or diagnosis of sickness or injury; ptomaine or bacterial infection unless through a visible accidental cut or wound; ...
(emphasis added).
In support of the motion for summary judgment appellee submitted an affidavit by the medical examiner that the decedent’s alcohol level was a major crash factor, and submitted a deposition in which the accident investigator stated an opinion that the alcohol consumed by the decedent greatly contributed to his death. No counter-affidavits were submitted and the trial court concluded that there were no issues of fact to be resolved.
The appellee asserts that the insured was an alcoholic and that his consumption of alcohol and drugs was the cause of his death. It argues that the insured was not covered because (1) his death did not result from an accident independent of all other causes, and (2) the alcohol abuse is an infirmity, as a matter of law, that materially contributed to the loss. See generally The Maccabees v. Terry, 67 So.2d 193 (Fla.1953); Edwards v. Bankers Life and Casualty Co., 381 So.2d 761 (Fla. 1st DCA 1980). See also Sasloe v. Home Life Insurance Company, New York, 416 So.2d 867 (Fla. 3d DCA 1982). Appellee further asserts that no evidence was submitted by appellant establishing a genuine issue of fact.
The appellant does not contend that there are disputed issues of fact to be resolved. Rather, appellant asserts that she is entitled to recover under the policy because the death, as a matter of law, resulted from the accident and because the policy contains no specific exclusion for a death caused directly or indirectly by alcohol or drugs. Appellant argues that the cause of death was, as stated in the autopsy report, motor vehicle trauma through drowning.
Generally, an insurance company would not be entitled to a summary judgment where, as here, it appears on the face of the record that there are issues of fact as to whether the death was caused by an accident “independently of all other causes.” Cf. Nationwide Mutual Insurance Co. v. Anglin, 306 So.2d 147 (Fla. 2d DCA 1975); Great American Insurance Co. v. Cornwell, 191 So.2d 435 (Fla. 1st DCA 1966). See also Pond v. North American Ufe & Casualty Co., 215 Mont. 428, 697 P.2d 1360 (Mont.1985). However, where an accident policy contains, as it does here, both a condition that the injuries sustained in the accident result independently of all other causes and an exclusion for injuries caused directly or indirectly by a bodily or mental infirmity, the insurer will generally be entitled to judgment as a matter of law where the undisputed facts show that the preexisting infirmity contributed to the death. See Edwards v. Bankers Life and Casualty Co., 381 So.2d 761 (Fla. 1st DCA 1980). Cf. Nationwide Mutual Insurance Co. v. Anglin, 306 So.2d 147 (Fla. 2d DCA 1975). It has been held that where both clauses are present in a policy, it is not sufficient for the plaintiff to simply show a causal relationship between the accident and the death. Rather, in such cases the plaintiff must also prove that the death was caused solely by the accident, and that the illness, disease, or infirmity in question was not a contributory factor. See 10 Couch on Insurance 2d '§ 41:387 (1982). However, in Mason v. Life and Casualty Insurance Company of Tennessee, 41 So.2d 155 (Fla.1949), our supreme court determined that even where the accidental death policy specifically excludes “loss or injury resulting from the use of intoxicating liquors”, the insurer, and not the beneficiary, has the burden to show that the intoxicant was the direct cause of death. See also Rivers v. Conger Ufe Insurance Co., 229 So.2d 625 (Fla. 4th DCA 1969). The policy in Mason was conditioned on the “death resulting solely and *718 exclusively from ... external, violent and accidental means.” Similarly here, the burden is on Gulf Life to prove that an infirmity was the direct cause of death.
The policy in this case does not define “accident.” Therefore, an in-the-street definition should be used. See Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla.1984); Gulf Life Insurance Co. v. Nash, 97 So.2d 4 (Fla.1957); Braley v. American Home Assurance Co., 354 So.2d 904 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla.1978); Harvey v. St. Paul Western Insurance Companies, 166 So.2d 822 (Fla. 3d DCA 1964); IB Appleman, Insurance Law and Practice § 436, at 232, n. 9 (1981). Certainly, without reference to a dictionary definition, and in the absence of definition in the policy, the ordinary person when purchasing an accidental death and dismemberment policy would simply consider that the policy does not cover death by “natural” causes or, perhaps, suicide, but that a death is “accidental” if physically caused by events and conditions that are external to the body. In Nash, for example, the supreme court, after thoroughly analyzing the difficulty of defining accident, concluded that the death of an insured while playing “Russian Roulette” was accidental.
We note that it has not been argued in this case that “alcoholism” or substance abuse is a “disease” as a matter of law. Therefore, we need not decide whether we concur with that part of the decision in Williams v. New England Mutual Life Insurance Co., 419 So.2d 766 (Fla. 1st DCA 1982), reversing a lower court finding that alcoholism is a disease. That issue was also discussed by the Supreme Court in Traynor v. Turnage, 485 U.S. 535, 108 S.Ct. 1372, 99 L.Ed.2d 618 (1988). Additionally, regardless of the personal views of the members of this panel, there is nothing in this record on which to make such a determination. Even if drug addiction or alcoholism is a disease, based on the opinion of a number of recognized authorities or as a matter of public policy, the question would still remain whether such policy should be automatically inserted as a matter of law into a private insurance contract where the drafter has elected not to clearly include it within an exclusion.
In any event, we conclude that alcohol or drug consumption, alcoholism, or other forms of substance abuse, are not included as a matter of law within a general exclusion for illness, disease or infirmity in an accidental death policy in the absence of language clearly evidencing an intention that such conduct or condition be included. See Williams v. New England Mutual Life Insurance Co., 419 So.2d 766 (Fla. 1st DCA 1982). Cf. Harris v. Carolina Life Insurance Co., 233 So.2d 833 (Fla.1970); Rivers v. Conger Life Insurance Co., 229 So.2d 625 (Fla. 4th DCA 1969); IB Apple-man, Insurance Law and Practice, § 436, at 231 (1981). See also Davis v. Nationwide Life Insurance Co., 450 So.2d 549 (Fla. 5th DCA), rev. denied, 459 So.2d 1041 (Fla.1984); Ward v. Nationwide Mutual Fire Insurance Co., 364 So.2d 73 (Fla. 2d DCA 1978). A policy provision that is ambiguous or susceptible to more than one meaning must be construed in favor of the insured. E.g., State Farm Mutual Automobile Insurance Co. v. Pridgen, 498 So.2d 1245 (Fla.1986); Fireman’s Fund Insurance Co. v. Vordermeier, 415 So.2d 1347 (Fla. 4th DCA 1982). This construction is in accordance with the principle that insurance coverage should be construed broadly and exclusions narrowly. Hudson v. Prudential Property and Casualty Insurance Co., 450 So.2d 565 (Fla. 2d DCA 1984). We consider Sasloe v. Home Life Insurance Company, New York, 416 So.2d 867 (Fla. 3d DCA 1982), to be inapposite because of the clear wording of the exclusion in that case.
In Williams, the insured alcoholic was shot by police while suffering from delusions, creating a disturbance and waiving a gun. The policy excluded coverage for accidental death caused directly or indirectly by disease or infirmity. The court determined that the exclusion was ambiguous and that if the insurer had wished to exclude liability for a loss in part attributed to alcoholism, it could have done so in clear *719 language. Therefore such a risk was not expressly excluded from coverage.
In Couch on Insurance, the author states:
The definition of disease and infirmities is such as to exclude temporary illnesses or conditions which are not of a lasting nature, even though while they last they are so severe as to deprive the insured of the ability to control his actions.
10 Couch on Insurance 2d § 41:393 (1982) (footnote excluded).
We conclude that the trial court erred by granting summary judgment to the appellee where the policy failed to clearly exclude coverage for a loss materially caused by, or involving, alcohol or drug use or abuse. Since we cannot say that the exclusionary language used here is applicable as a matter of law, the issue of whether the accident occurred independently of all other causes is for the trier of fact.
GLICKSTEIN and POLEN, JJ., concur.